CONNOR v. CORSON *et al.*

(Opinion filed November, 21, 1900.)

Appeal from circuit court, Minnehaha county. Hon. JOSEPH W. JONES, Judge

This case was first decided by this court in an opinion reported in 13 S. D. 550 83 N. W. 588 in which opinion the judgment of the trial court in favor of the plaintiff was affirmed. subsequently appellants petitioned for a rehearing which petition in this opinion is denied.

*Kirby Rochford* and *McMahon* for appellants.

*A. B. Kittredge,* for respondent.

FULLER, P. J. The decision in this case, now before us on petition for a rehearing, is published in 13 S. D. 550, 83 N. W., at page 588, where all questions of law presented by the appeal are determined without fully stating the facts relating to the point measurably relied upon in this application, and counsel seems apprehensive that we failed to give the matter merited attention. The contention is that the trial court, without the consent of appellants, materially changed their third proposed instruction, and in such form gave it to the jury as

emanating from them; and for that reason Peart v. Railway
Co., 8 S. D. 634, 67 N. W. 837, is relied on for a reversal. Re-
ferring to the facts in that case, this court, speaking through
Mr. Justice HANEY, says: "The precise question presented is
this: Is it reversible error for a trial judge in this state to
read an instruction as an instruction requested by one of the
parties in language substantially different from that requested?
* * * Here the court said to the jury, 'Defendant requests
me to say to you that you should be governed by the following
rule of law,' and then proceeded to give them a rule substan-
tially different from that requested. In plain language, this is
what was done: After the evidence was in, and argument
closed, and when the jury were listening to and weighing each
word of the trial judge, in a case wherein one jury has found
for plaintiff and another for defendant, he told them he had
been requested to make a certain statement for and on behalf
of defendant regarding one of the material issues in the case,
when, in truth and fact, he had not been requested to make any
such statement at all. If this is not, we are at a loss to know
what would be, reversible error. Had the court given these
modified instructions without saying he was requested to so
give them by the defendant, or if he had given them as request-
ed, and then told the jury that the modifications were by the
court, the argument and authorities of counsel for respondent
would deserve serious attention, and it might be necessary to
consider whether the instructions as modified correctly declar-
ed the law." Reading the record before us on this appeal, we
learn what actually occurred at the trial from the settled state-
ment of the case, to which our attention is directed by an
amended abstract; and from such duly-authenticated statement

we copy, so far as material to the question to be determined, as follows: "Defendants, Corson and Forde, request the court to give the following instructions: '(1)  *  *  *  (2)  *  * *  (3)  You are further instructed that when a husband and wife reside together, constituting a family, the former is presumably the head of a family, and as such in the possession of the contents of the household, furniture and fixtures.' The above third request, which was in the handwriting of counsel for the defendants, was marked 'Given,' and read to the jury, and it, with all the other instructions, being all in writing, were sent out with the jury when they retired to deliberate. The above first, second, and third requests were written on one page or sheet of paper, except that the third extended two lines upon a second page or sheet. The word 'Given' was written in the handwriting of the judge on the margin of the first page or sheet. The second page or sheet was torn off below the ending of the third request as so given, and the court on its own motion gave the following additional instruction in writing, to wit: 'But an officer who has a writ against the husband has no right or authority by virtue of it to seize and hold property wnich belongs to the wife.' This latter instruction was entirely in the handwriting of the judge, which is plainly different from the handwriting in which said requests were written. It was upon a different sheet of paper, and was pinned to the bottom of the fractional sheet on which the last two lines of said third request were written. The two pages above alluded to were together one double sheet of paper. The entire charge of the court given on its own motion was in the handwriting of the judge, and was sent out to the jury. Thereupon, after trial, but before judgment, the defendants,

Corson and Forde, duly excepted to the giving of the said third request in said modified form, and not in the form requested by said defendants."

From the foregoing it appears that the law expressed in the phrasing and writing of the judge on a separate piece of paper constitutes an additional instruction coming from the court, and as such given to the jury on its own motion. All this, considered with every favorable inference that the facts and circumstances justify, together with the act of pinning the paper upon which such instruction was written to that containing appellants' requests marked "Given," and the delivery of the same to the jury in that condition, do not in any particular present a question like that which invoked the doctrine applied in the case of Peart v. Railway Co., *supra*, and the facts are most perceptibly self distinguishing. Here the court wrote an additional instruction on a detached sheet of paper, and presented it to the jury on its own motion, and in a manner that negatives the assertion and repels the conception that it was given at the request of or as coming from appellants; while in the Peart case an instruction fatally at variance with the theory of the defendant was prefaced by the following statement made to the jury by the court: "Defendant requests me to say to you that you should be governed by the following rule of law." Thus says the court in disposing of that case: "He told them he had been requested to make a certain statement for and on behalf of defendant regarding one of the material issues in the case, when in truth and fact he had not been requested to make any such statement at all." Our conclusion still is that no instruction requested by appellants was by the court modified; neither was a syllable pronounced to the jury, or contained in

the written charge of the court, tending in the slightest degree to justify a speculation that any expression on the part of the court was given to the jury in a manner at all likely to convey the impression that it came from appellants, or had in any way received their sanction. And so we say, as in the decision upon which this application for a rehearing is predicated. "The point that the court modified an instruction proposed by appellants, and in such form gave it to the jury as coming from them, is not, as a matter of fact, sustained by the record." From a careful study of all that is urged by counsel for appellants, we are most firmly convinced of the correctness of our decision affirming the judgment of the court below, and the petition for a rehearing is denied.