## GIBSON v. ALLEN.

1. An instrument denominated a "Real Estate Mortgage Coupon Bond," countaining stipulations not usually found in notes, having interest coupons attached, and bearing the name and seal of the maker, is a sealed instrument.

2. Under the rule of construction laid down by Sess. Laws 1903, pp. 270, 271, c. 205, Secs. 2, 3, providing that, if the provisions of any Code, conflict with those of any other Code the provisions of such Code must prevail as to all matters and questions arising thereunder out of the same subject matter; Rev. Civ. Code, Sec. 1243, providing that all distinctions between sealed and unsealed instruments are abolished must, when construed in conection with Rev. Code Civ. Proc. Sec. 58, providing that action on a sealed instrument may be commenced within twenty years after the cause of action accrues, be regarded as abolishing the distinction between sealed and unsealed instruments, except with respect to the period of limitations.

FULLER, J., dissenting.

(Opinion filed July 6, 1905)

Appeal from Circuit Court, Pennington County. Hon. LEVI McGEE, Judge.

Action by Charles E. Gibson against Ethan L. Allen. From a Judgment for defendant, and from an order denying a motion for a new trial, plaintiff appeals. Reversed.

Charles W. Brown, for appellant.

An action upon a sealed instrument can be commenced within twenty years after the cause of action shall have accrued. Landauer v. Sioux Falls Imp. Co., to S. D. 205; Heffieman v. Pennington County, 3 S. D. 162; § § 39, 57, 58 Code Civ. Pro.; Rev. Codes, 1877, p. 807, § § 16, 17; laws of 1893, ch. 205, pp. 270, 271.

In this state the common law is in force except where it

618         Gibson *v.* Allen.

conflicts with the codes or the constitution. § 6 Civ. Code; Northern Pac. R. R. Co. v. Hurbert, 116 U. S. 642.

By the modern rule of the common law where an instrument purports upon its face to be under seal and shows the intention of the maker, to execute a deed or specialty, 'neither wax nor wafer is necessary, but any stamp, impression or mark made or adopted by the signer and annexed to his signature as and for his seal will answer the purpose of sealing. 25 A. & E. Eucy, Law 74, 75; 4 Kents Com. 452, 453; 5 Cyc. 736, 737; 13 Cyc. 556, 557.

The bond or note in controversy is a sealed instrument within the meaning of section 58 of the code of civil procedure, and the rules of the common law.

25 A. & E. Ency. Law 73, 78; 5 Cyc., 738 737; 13 Cyc. 556; Osborn & Co. v. Hubbard, 11 L. R. A. 833; Brown v. Jordhal, 19 N. W. 650; Hacker's Appeal, 1 L. R. A. 1; Cochran v. Stewart, 59 N. W. 543; Hastings v. Vaughn, 5 Cal. 315; Connolly v. Goodwin, 5 Cal. 220; Pierce v. Indseth, 106 U. S. 546, L. ed. 254; Pillow v. Roberts, 13 How. 472; Barnard v. Gantz, 140 N. Y. 248; Van Bokkelen v. Taylor, 62 N. Y. 105; Osborn v. Kistler, 35 O. St. 99; 4 Kent's Com., 452, 453.

No finding is necessary or proper as to a fact alleged in the complaint and admitted in the answer.

First Nat. Bank v. McCarthy, 13 S. D. 356; Anderson v. Alseth, 8 S. D. 240; Calkins v. Seabury, Calkins Cons. M. Co. 5 S. D. 299; Humpfner v. D. M. Osborn & Co., 2 S. D. 310.

*Buell & Gardner for respondent.*

The note or bond sued on is not a sealed instrument within the meaning of section 58 of the revised code of civil procedure.

Prior to the passage of Section 1243 of the Revised Civil Code there had existed in this state the common law distinction between sealed and unsealed instruments. Section 1243 abolished all such distinctions between sealed and unsealed instruments; not all distinctions, except as respects the statute of limitations, but all distinctions between sealed and unsealed instruments known to the common law. This statute abolished what theretofore had been known as sealed instruments at common law.

This construction of the provisions produces the greatest harmony and the least inconsistency. By familiar rules of statutory construction, "The construction that produces the greatest harmony and the least inconsistency is that which ought to prevail." Sutherland on Statutory Construction, Secs, 239 and 215.

In the construction of a statute every part of it must be viewed in connection with the whole, so as to make all its parts harmonize, if practicable, and give a sensible and intelligent effect to each. Quebec Bank v. Carrol, 1 S. D., 1.

The two provisions should be harmonized, if possible, and construed together, and both, so far as reconcilable, be made to stand and operate together. Finch v. Armstrong, 9 S. D., 255.

The fact that these two provisions were passed at the same time or at the same session of the legislature renders it unlikely that any marked contrariety was intended. Sutherland on Statutory Construction, Sec. 283.

In determining the constitutionality of a legislative enactment, on the ground that the act conflicts with the constitution. It is only when the collision between

legislative and constitutional law is certain and inevitable that the courts feel justified in declaring the law void on that account. State v. Becker, 3 S. D., 29. Coler v. Sterling, 15 S. D., 415.

If the seal is not required upon an instrument, the addition of the seal gives to the instrument no greater or less effect but will be treated as surplusage. 25 Am. and Eng. Enc. of Law 79.

The disposition of the modern courts, in the absence of statute, is to disregard the meaningless distinction between sealed and unsealed instruments, in states where the courts are not bound by ancient precedent. The supreme court of California, in Ortman v. Dixon. 13 Cal., 34, gives expression to the following views:

The difference between instruments sealed and unsealed is, at least, at this day, a mere arbitrary and unmeaning distinction made by technical law, unsustained by reason, and, though the courts may have no right to abrogate what the law has established, even when the rule be useless, yet we will not go out of our way to give effect to such distinctions when the law does not clearly so require."

CORSON, P. J. This is an appeal by the plaintiff from a judgment rendered in favor of the defendant and from an order denying a motion for a new trial. The action is based upon a promissory note bearing date of April 1, 1889, and payable April 1, 1894, and the only questions presented for our consideration are, was the note a sealed instrument, and was it barred by the statute of limitations? It is alleged in the complaint that the note is a sealed instrument, and the defend-

ant admits the making and delivery of the same as set forth
in the complaint, but denies that the same is a sealed instru-
ment, and pleads the six-year statute of limitations as a bar to
the action. The court found the execution and delivery of the
note, and that no part of the principal or interest had been
paid except the interest accruing on the same prior to the 1st
day of October, 1891, and that the action was commenced on
the 9th day of May, 1901; that the cause of action as stated in
the complaint accrued more than six years before the com-
mencement of the action, and was therefore barred by the stat-
ute of limitations. The court further found all of the issues
in favor of the defendant and against the plaintiff. These find-
ings are challenged as erroneous in plaintiff's specification of
errors presented by the bill of exceptions for a new trial, as
were also the conclusions of law in which the court concludes
that the action was barred for the reason that it was not com-
menced within six years after the cause of action accured.

The appellant contends that the evidence was uncontra-
dicted tending to prove that the note was a sealed instrument,
and that, being a sealed instrument, it would not be barred by
the statute of limitation until 20 years after its maturity, under
the provisions of section 58, Rev. Code Civ. Proc. It is con-
tended by the respondent, in support of the judgment of the
court below and its order denying a new trial, that by sec-
tion 1243 of the Revised Civil Code the distinction between
sealed and unsealed instruments was abolished, and that, con-
sequently, the note, though appearing to be sealed, but not re-
quired by law to be sealed, must be regarded by this court as
an unsealed instrument, and comes within the clause of the
statute of limitations providing that an action upon a contract

shall be commenced within six years, or it is barred by the statute. Section 1243 of the Revised Civil Code provides: "All distinction between sealed and unsealed instruments are abolished." Section 58 of the Revised Code of Civil Procedure provides that the following actions shall be commenced "within twenty years, (1) an action upon a judgment or decree of any court of this state; (2) an action upon a sealed instrument." The evidence clearly established the fact that the note in controversy was a sealed instrument as understood at common law, as shown by the seal following defendant's signature; and that it was intentionally sealed appears from the conclusion of the note, which is as follows: "In witness whereof I have hereto affixed my hand and seal and made delivery hereof at Lawrence, Kansas, this first day of April, A. D. 1889. Ethan L. Allen. [Sealed.]" Though the instrument upon which the action is based is denominated a promissory note in the pleadings and in the briefs of counsel, it is designated in the instrument itself as a "real estate mortgage coupon bond," and it contains numerous stipulations not usually found in the ordinary promissory note. Annexed to this coupon bond were coupons for the payment of interest semi-annually. The court below was therefore clearly in error in holding that this coupon bond was not a sealed instrument, as the fact that it was such a sealed instrument is clearly established by the record. It was evidently the view of the learned circuit court that the fact that it was a sealed instrument was immaterial under the provisions of section 1243 of the Revised Civil Code heretofore quoted, inasmuch as all of the distinctions between sealed and unsealed instruments were abolished, and therefore it was to be treated under the limitation act the same

as would be an unsealed instrument; but, in our opinion, this view taken by the trial court cannot be sustained. The two sections are found in two different Codes. Section 1243 was copied from the Civil Code of California, and the limitation provided in our Code is not contained in the California Codes. Section 58 was copied from the Code of New York, and in that state the distinction is still recognized between sealed and unsealed instruments. Copying these sections from the two different Codes has produced an apparent conflict between the two sections, but we are not at liberty to disregard either of the sections.

It is contended by the respondent that the two sections may be given effect by holding that the distinction between sealed and unsealed instruments is abolished as known to the common law, and that the section in the limitation statute applies to sealed instruments which are required to be sealed under the laws of this state; but this would, in effect, be interpolating into the statute qualifications not found therein, or warranted by the language used by the lawmaking power. In State v. Smith, 8 S. D. 547, 67 N. W. 619, this court, speaking of the conflict between the two sections in the different Codes says: "It was provided by the general repealing act of February, 1877, that for the purposes of construction the several Codes adopted at that session of the Legislature 'shall be held and deemed to have been passed on the same day and as parts of the same statute, and if the provisions of any Code conflict with or contravene the provisions of any other Code, the provisions of such Code must prevail as to all matters and questions arising thereunder out of the same subject matter. Rev. Codes, 1877, p. 900.' " The two sections that we are now con-

sidering constituted a part of the Codes of 1877; section 1243 being section 925 of the Civil Code, and section 58 being section 53 of the Code of Civil Procedure. This rule of construction was referred to and approved in the case of Landauer v. Sioux Falls Improvement Company, 10 S. D. 205, 72 N. W. 467, and the court referring to these two sections in that case uses the following language: "Effect must be given to the Civil Code, and the law in this jurisdiction should be stated thus: 'There are no distinctions between sealed and unsealed instruments, except as to the statute of limitations.'" The same construction should be given to the sections in the case at bar for the reason that the sections referred to giving the rule for the construction of the conflicting sections in the Code were re-enacted by the Legislature of 1903 and constitute sections 2 and 3, pp. 270, 271, c. 205, of the Session Laws that year. Section 58 has remained so long unrepealed and unamended that it is but reasonable to conclude that the Legislature is satisfied with its provisions as applicable to sealed instruments, notwithstanding the provisions of section 1243 of the Revised Civil Code. These views lead to the conclusion that the bond or note in controversy, being a sealed instrument, comes within the provisions of section 58, limiting actions to be commenced upon sealed instruments to 20 years, and not under section 60, which provides that actions upon contracts must be commenced within 6 years.

The learned circuit court was therefore in error in concluding that the action was barred by the statute of limitations, and the judgment of the court and its order denying a new trial are reversed.

FULLER, J., dissenting.