## SPRAGUE v. LOVETT et al.

In a suit to foreclose a trust deed, permitting the amendment of the complaint by setting up assignments of the trust deed to plaintiff executed after the commencement of the action, and admitting such assignments in evidence, if erroneous, was not reversible error, where the evidence showed, independntly of the assignments in question, that plaintiff was the owner and holder of the note and trust deed.

Plaintiff advanced for the owner of the equity in land the amount due upon a trust deed on the land, intending to take an assignment of the trust deed and notes secured thereby. In pursuance of his intention, he took an assignment of the trust deed from the trustee named therein,

taking no security from the owner of the equity. The money advanced by plaintiff was duly paid over to the holder of the note and trust deed through his agents, but the latter by mistake marked the note "paid." **Held,** that the transaction vested in plaintiff an equitable title to the note and trust deed, such as to entitle him to foreclose the trust deed, notwithstanding the marking of the note as paid.

An action to foreclose a trust deed is not barred when brought within 20 years from the date of its execution.

(Opinion filed, January 10, 1906.)

Appeal from Circuit Court, Brookings County. Hon. JULIAN BENNETT, Judge.

Action by Ara D. Sprague against Richard Lovett, adminis-trator of the estate of Jacob Lovett, deceased, and others. From a judgment in favor of plaintiff, certain defendants appeal. Affirmed.

*Hall, Lawrence & Roddle,* for appellants. *Cheever & Cheever* and *W. H. Harries,* for respondent.

CORSON, J. This is an action to foreclose a certain trust deed executed in April, 1881, made to secure a certain promissory note payable on or about the 1st day of January, 1886, and to can-cel certain attempted foreclosure proceedings of the said trust deed, by advertisement made in the year 1888, and all proceedings had therein, for the reason that said proceedings were irregular and void. The action was commenced on April 6, 1901, by the plaintiff and respondent, Ara D. Sprague. The trust deed was executed by Jacob Lovett to E. S. Ormsby as trustee; the note being made pay-able to order of David De Shields, the beneficiary named in said trust deed. In November, 1881, Jacob Lovett died, and Richard Lovett, defendant herein, was appointed administrator of his estate. Prior to January 1, 1886, when the note became due, one Johanna McCarthy became the owner of the premises, and, being unable to take up the note and trust deed, she applied to the plaintiff to ad-vance the money and take up the same for her, and he thereupon advanced the amount due upon the note and trust deed, amounting to $436, and forwarded that sum to Ormsby, the trustee named in the trust deed, who, it seems, forwarded the same to Boston, where the note was then held, and the note and trust deed, with the as-signment by Ormsby, were returned to the plaintiff, who claims to be, and the court finds since has been, the owner and holder of said

note and trust deed. In 1888 said plaintiff attempted to foreclose said trust deed by advertisement, but by reason of certain irregularities the said foreclosure proved to be void, and, as before stated, he now brings this action to vacate and set aside these proceedings and to foreclose said trust deed. The appellants by their answer among other things alleged a special lien or claim upon said premises by virtue of a certain tax deed issued to one Henry McLain, and a conveyance of title from said McLain to them. To that part of the appellant's answer setting up title under and by virtue of the tax deed the plaintiff filed a reply, and alleged that said tax deed was void upon its face, and that there were various errors, irregularities, and omissions in the assessment and sale of said premises for said taxes and in the proceeding for the sale, and prior to the issuance of said tax deed, and in its prayer for relief in that reply the plaintiff for the first time asked that said tax deed be declared null and void and of no force or effect. Upon the trial of the action on January 28, 1902, and upon application the court allowed the respondent to amend his complaint by adding thereto a new paragraph wherein the plaintiff alleges the assignment of said trust deed and note from David De Shields, the beneficiary named in said trust deed and the payee named in said note, to himself, and also alleged the assignment of said trust deed and note by J. J. H. Gregory to the plaintiff; the latter being the person owning the note at the time the $436 was paid by the plaintiff. There is no allegation in the answer that the note has been paid, except that they allege upon information and belief that prior to the commencement of this action said note had been paid and canceled. The defendants deny that the plaintiff was the owner of the note and trust deed, and deny default in the conditions of said trust deed, and plead the statute of limitations of 6 and 10 years and ownership of the property under the tax deed. At the conclusion of the trial findings of fact and conclusions of law were made by the trial court in favor of the plaintiff upon all the issues, and finding specially that the plaintiff, from and since January 6, 1886, had been the owner and holder of said note and trust deed, and had been in the possession thereof since said date; that neither Jacob Lovett, the maker of the note and who executed the trust deed, the administrator of his estate, nor any one

in their behalf had made any payments of said indebtedness since
the contracting thereof, except the payment of the first four interest
coupons; that there has been default made in the payment of the
note and the last maturing interest coupon and in the payment of
the taxes levied and assessed against the said premises and in the
conditions of the trust deed in question; that the said trust deed
was a sealed instrument; and that the action was brought and com-
menced within 20 years after the execution of the trust deed.

It is contended by the appelants that the court erred in permit-
ting the plaintiff to amend his complaint on the trial by setting up
the assignment of the trust deed by David De Shields, payee in the
note and beneficiary in the said trust deed, and also the assignment
of the same made by said J. J. H. Gregory, who was the owner and
holder of the note and trust deed at the time of the alleged transfer
of the same to the plaintiff, which assignments were executed sub-
sequent to the commencement of this action. Upon the note and in-
terest coupon unpaid appears the word "Paid," stamped thereon by
a firm of brokers in Boston who were acting as agents of Gregorv
in the receipt of the money alleged to have been paid by the plain-
tiff and forwarded to them by Ormsby, trustee named in the trust
deed; and the appellants insist, therefore, that the note was paid
and could not be purchased by the plaintiff. They also contend that
the note and trustdeed were barred by the statute of limitations,
which they claim was 10 years as applied to this transaction, and
they also contend that the defendants were entitled to the property
under and by virtue of the tax deed before referred to. As before
stated, the court finds that the plaintiff actually advanced the money
to Johanna McCarthy as a loan to her, and took an assignment of
the trust deed from Ormsby in good faith, believing at the time
that he was acquiring a good legal title to the note and trust deed,
and that the plaintiff received the note and unpaid coupon and trust
deed, and tnat they have since remained in his possession or under
Itis control, and concludes that he is the owner and holder of the
same and entitled to foreclose the same.

We are inclined to take the view that the court was right in
its conclusion that the plaintiqff was the owner and holder of the
note and coupon and the trust deed independently of the alleged as--

signments made by De Shields and Gregory, executed after the commencement of the action, and that the granting of leave to amend the plaintiff's complaint and the admission of these assignments, if erroneous, did not constitute reversible error, as the court may be presumed to have disregarded this evidence in its final decision of the case. As before stated, the plaintiff was in possession of the note and unpaid interest coupon and trust deed, and had been in such possession since 1886. It clearly appears from the evidence introduced on the trial that Sprague advanced the money for Mrs. McCarthy, and that he intended to take an assignment of the note and mortgage to secure himself for such advance. This is clear from the fact that he took no security from Mrs. McCarthy, and that he did take an assignment of the trust deed from Ormsby the trustee named therein. It also clearly appears from the evidence that De Shields, the beneficiary in the trust deed and the payee in the note, received the money due him on said note secured by said trust deed, and that Gregory, the indorsee of said note, also received his money, and neither of these parties claim to be the owner of the note in controversy. The court also found, and the evidence fully sustained such finding, that neither the maker of said note nor any person claiming under or through him had paid the amount of said note so secured by said trust deed. From this evidence it clearly appears that the transaction, as intended by the plaintiff, Sprague, and as understood by Ormsby, was in effect the purchase of the note by Sprague and the transfer of the security to him. The mere fact, therefore, that a firm of brokers in Boston had by mistake assumed that the note was paid, and so marked it paid, cannot rebut the evidence so clearly showing the real nature of the transaction. Courts of equity look at the real transaction and are not governed by mere forms. We are of the opinion that under the evidence in this case the circuit court was clearly justified in finding that the real transaction in this case was the purchase by Sprague of the note and security, and in equity the transfer of the same to him, and that he was therefore properly regarded by the court as the equitable owner of the note and security, and the court committed no error in concluding that he was the real owner of the same and entitled to foreclose the same.

The contention that an action to foreclose the trust deed was barred by the 10-year statute of limitations is not tenable. This court has recently decided in the case of Gibson v. Allen, 19 S. D. 617, 104 N. W. 275, that a sealed instrument is not barred in this state until the expiration of 20 years. in this case the trust deed was executed on the 8th day of April, 1881, and the action was commenced on the 6th day of April, 1901, less than 20 years after the execution of said trust deed; hence the action of the plaintiff was not barred under the statute.

The last and principal contention of the appellants is that they were entitled to the property under and by virtue of the tax deed; but this deed was, in our opinion, properly held invalid by the trial court. The court, by its finding No. 15, found numerous irregularities in connection with the issuance of the tax deed; but in the view we take of the case it will not be necessary to set out this finding or discuss the various irregularities referred to by the court as rendering the tax deed invalid. The tax deed in the case at bar is practically the same in form as that given in the case of Reckitt v. Knight, 16 S. D. 395, 92 N. W. 1077, in which this court held that the tax deed was void on its face.

Finding no error in the record, the judgment of the court below, and order denying a new trial, are affirmed.