# CLARK COUNTY, SOUTH DAKOTA, Respondent, v. BERGSTRESSER, et al, Appellants.

## (257 N. W. 44.)

(File Nos. 7384 and 7392.   Opinion filed November 8, 1934.)

*Walter Conway,* Attorney General, and *Benj. D. Mintener,* Assistant Attorney General, for Appellants.

*Sterling H. Clark,* of Clark, for Respondent.

RUDOLPH, J. Clark county brought this action against its former treasurer, Walter Bergstresser, and his bondsmen, the Interstate Surety Company and the State Bonding Department, to recover money embezzled by Bergstresser while county treasurer of Clark county. The action was commenced on the 2d day of May, 1929. Bergstresser's first term of office as treasurer expired January 7, 1919; his second term expired January 1, 1923. A part of the money was embezzled during the first term of office, and the balance during his second term of office. Bergstresser was served with process in North Dakota; he made no appearance, but a personal judgment was entered against him by default for the whole amount. The defendants the Interstate Surety Company and the State Bonding department answered and pleaded the statute of limitations. The trial court concluded, as a matter of law, that the official bonds furnished by the defendants were instruments under seal, that the action was one based upon sealed instruments, and that recovery was not barred by the six-year statute of limitations. Judgment was entered against the Interstate Surety Company and the State Bonding Department in the amount covered by their respective bonds. That Bergstresser actually embezzled the amounts claimed is not questioned. The question presented is whether the statute of limitations prevents a recovery. It will be noted that the action was not commenced until more than six years and four months had elapsed after Bergstresser's last term of office ended. The Interstate Surety Company and the State Bonding Department have appealed.

It is the contention of appellants that the six-year statute of limitations is the applicable statute. Appellants contend that the action as against them is an action upon a liability created by statute, and therefore falls within the provisions of section 2298, which

provides that "an action upon a liability created by statute, other than a penalty or forfeiture," must be commenced within six years. Respondent contends that the action, in so far as these appellants are concerned, is one based upon a sealed instrument, and under the terms of section 2295 may be commenced at any time within twenty years. Bergstresser has not appealed and of course, it is not necessary for us to determine which of the above two statutes could be taken advantage of by him. The appellants are the sureties upon Bergstresser's bond, and it is their liability only that is in question at this time. Appellants find much support in the authorities for their contention. See State v. Davis, 42 Or. 34, 71 P. 68, 72 P. 317; Ryus v. Gruble, 31 Kan. 767, 3 P. 518; Davis v. Clark, 58 Kan. 454, 49 P. 665; Spokane County v. Prescott, 19 Wash. 418, 53 P. 661, 67 Am. St. Rep. 733; Hurst v. Charron, 267 Mich. 210, 255 N. W. 419; Sonoma County v. Hall, 132 Cal. 589, 62 P. 257, 312, 65 P. 12, 459; Gaffigan v. Lawton et al (Cal, App.) 28 P. (2d) 375; State v. Blake, 2 Ohio St. 147; State v. Conway, 18 Ohio 234. It is said by the Oregon court in the case of State v. Davis, supra: "The theory upon which the adjudications proceed is the obvious fact that a bond or undertaking of a publice officer creates no obligation in itself, but is in the nature of a collateral contract, simply furnishing a security against the neglect of duty or the dishonesty of the officer, and that an action thereon is for the breach of such duty, and therefore, in effect, although not in form, an action against the officer for misfeasance or nonfeasance in office. * * *" It is difficult for us to follow the reasoning of these cases. After a careful consideration of the opinions above cited, we are still of the view stated by this court in the case of Independent School District of Brookings v. Flittie, 54 S. D. 526, 223 N. W. 728, 729: "For breach of his official duty, the treasurer is liable upon common-law principles and under the statute, and the surety is liable by virtue of its contract."

It might be that the result reached in some of the above cases could be justified upon the theory that an applicable statute of limitations had, in fact, run against the principal, and that the surety is entitled to take advantage of this defense which could be, but in fact has not been, raised by the principal. However, in view of the case of Rathgaber v. Horton, 52 S. D. 436, 218 N. W. 148, 150, in which it is stated that it is the rule that "defenses per-

sonal to the principal are available only to the principal and do not pass to the surety," we doubt whether this court could at this time, without overturning that rule, hold that a surety is entitled to raise in its own behalf the statute of limitations which is available to the principal when the principal has not availed himself of that defense. But we need not speculate, for the record in this case quite clearly shows that Bergstresser had been out of the state of South Dakota a part of the time since his term of office as treasurer in Clark county ended (section 2265, R. C. 1919), and it does not appear that even the six-year statute had run as against Bergstresser. In those states which hold that the lapse of the statutory time not only bars the remedy but also extinguishes the right, the result reached in the above cases could, perhaps, be justified, had an applicable statute actually run as against the principal, upon the theory that the obligation itself was discharged. But in this state the rule is that a statute of limitations creates only a bar to the remedy and does not destroy the right. Powell Co. v. Larkin, 52 S. D. 245, 217 N. W. 200.

This court, in the case of Connor v. Corson, 13 S. D. 550, 83 N. W. 588, recognized that an action against the surety is one based upon the contract. In that case it was held that a statute of limitations limiting the time within which an action might be brought against the sheriff for an act done by virtue of his office to three years does not apply to an action brought against the sureties upon his bonds after an action against the sheriff has been reduced to judgment within the statutory period, and that an action might be brought against the surety under such circumstances, if brought within the statutory time which governed the bringing of an action upon a contract which was six years. The question of whether the bond in that case was a sealed instrument was not in dispute, for the reason that the action was brought within the time limitation relating to contracts not under seal.

To hold that the sureties' liability is a liability created by statute, and for that reason the six-year statute is applicable, seems to us to ignore the very evident fact that the only claim against the surety arises on account of its contract with the county. Were it not for the contract, the county would have no claim against the surety. It follows, we believe, that this action, so far as the sureties are concerned, is one based upon this contract of

suretyship, and that the liability of the sureties must be governed thereby.

This brings us to the question of the character of the official bonds. The trial court held that the bonds were sealed instruments, and came within the meaning of section 2295, R. C. 1919, the twenty-year statute of limitations. The bond of the Interstate Surety Company contained the words: "Sealed with our seals this 30th day of November, A. D. 1920," and had thereon, following the signature, the word "Seal" in brackets, thus [Seal], and also the seal of the Interstate Surety Company. The bond of the State Bonding Department contained the words: "In Witness Whereof, said principal has hereunto set his hand and seal, and the State of South Dakota has caused this bond to be sealed with the seal of the Commissioner of Insurance and signed by its duly authorized officer, the day and year first above written." This bond was executed by the commissioner of insurance and bore the seal of that office, and also had after the signature the word "Seal" in brackets. The appellant the State Bonding Department first contends that there is nothing in the law creating the State Bonding Department which authorized the commissioner of insurance to place his seal upon the bond in question, and that without such authority the commissioner of insurance could not extend the period of limitations to twenty years by placing the seal on the bond. Appellant cites the case of Heffleman v. Pennington County, 3 S. D. 162, 52 N. W. 851, wherein this court intimated that it might be the rule that, unless the county auditor was required by statute to affix the seal of the county to a county warrant, the auditor could not, simply by fixing the seal thereto without authority, make applicable the statute of limitations relating to sealed instruments. However, in this case we do not need to pass upon the applicable statute should a county auditor issue a warrant of the county under seal without the requirement being in the statute. We are convinced that the State Bonding Department should be governed by the same rules that govern a private person or corporation so far as construing the contract here is concerned. This court, in the case of Lundeen v. Schumacher, 52 S. D. 149, 216 N. W. 883, 884, said: "The state of South Dakota having undertaken, by chapter 318, Laws 1919, and amending acts, to embark upon the business of a paid insurer of the fidelity of certain public

officers and employees, we are not impressed with the idea that the state should or can expect the fidelity contract uttered by its bonding department to be construed any differently from a similar contract uttered by any other paid insurer of fidelity." Under the terms of the said chapter 318, Laws of 1919, the form of the bond is to be determined by the commissioner of insurance, and, when that officer puts forth an instrument purporting to be issued under the seal of his office and in fact bearing such seal, we have no hesitancy in holding that such instrument is a sealed instrument in so far as the statute of limitations is concerned, unless there is some other reason why it should not be so held. The only other reason suggested why this bond of the State Bonding Department should not be held to be an instrument under seal, which reason applies equally to the bond issued by the defendant Interstate Surety Company, is that, it is contended, even as to private persons or corporations the instrument is not a sealed instrument within the twenty-year statute of limitations unless some statute expressly requires such instrument to be under seal. Such is not the law in this state. Gibson v. Allen, 19 S. D. 617, 104 N. W. 275; Philip v. Stearns, 20 S. D. 220, 105 N. W. 467, 11 Ann. Cas. 1108; Sprague v. Lovett, 20 S. D. 328, 106 N. W. 134.

The trial court in our opinion correctly held that the instruments in question were sealed instruments within the meaning of section 2295, and that the action was one based upon such instruments.

The judgment appealed from is affirmed.

POLLEY, CAMPBELL, and WARREN, JJ., concur.

ROBERTS, P. J., disqualified and not sitting.