MELHAM, Respondent, v. WATERTOWN SASH & DOOR CO., A Corporation, Appellants

(291 N. W. 735.)

(File No. 8289. Opinion filed April 27, 1940.)

Rehearing Denied June 20, 1940.

**Caldwell & Burns,** of Sioux Falls, for Appellants.

**Perry F. Loucks** and **Alan L. Austin,** both of Watertown, for Respondent.

SMITH, P.J.   An award of workmen's compensation was made against the Watertown Sash & Door Company, employer, and its insurance carrier, South Dakota Employers' Protective Association, in favor of Mary Alice Melham, the widow of Morton Melham, deceased officer-employee. That award is here for review under an appeal from an affirming judgment of the circuit court.

The Watertown Sash & Door Company is a corporation, the stock in which is largely owned by the father, mother, and aunt of deceased.  On July 1, 1937, deceased owned fifty shares in the company and was a director.  He was also then in the employ of the company as an estimator and salesman.  On April 16, 1938, he was elected vice president of the company and continued in the dual capacity of officer-employee until his accidental death on May 5, 1938. That the death of deceased arose out of and in the course of his duties as an estimator and salesman is not questioned. Admittedly his executive duties were nominal, and no particular change in his duties, work or compensation was effected by his assumption of office.

The policy of the insurance carrier is dated June 1, 1937, and covers a term from July 1, 1937 to July 1, 1938. By its terms the insurer agrees, "as respects personal injuries sustained by employees, including death at any time resulting therefrom as follows:

"I.   (a) To pay to the person and in the manner provided by 'The South Dakota Workmen's Compensation Law' and by any act or acts amendatory thereof which may become effective while this policy is in force any sum to be-

come due from this Employer because of such injury and the obligation for compensation therefor imposed upon or accepted by this Employer under the foregoing law."

"(b) To indemnify this Employer against loss by reason of the liability imposed upon him by law for damages on account of such injuries, including death resulting therefrom."

"V. This agreement shall apply to such injuries, including death, resulting therefrom sustained by any person or persons legally employed by this Employer whose entire remuneration is included in the declarations hereinafter contained and upon which the premium for this Policy is computed and to such injuries sustained by the President, any Vice-President, Secretary or Treasurer of this Employer, or other officer, if a corporation, but the remuneration of any such officer may be excluded unless he personally supervises the manual or mechanical processes covered hereby."

The declarations forming part of the policy contain an estimate of the payroll separated into classifications for rate making purposes according to standards fixed by law. This estimate sets forth the aggregate amount of payroll in each classification and neither names nor numbers the employees under any classification. In the declarations immediately following the estimated payroll there appears in typewriting the following sentence, "The Officers of the Corporation are not included under the coverage of this policy." The declarations also include the following printed statement: "Item 4. The estimated payroll as stated above includes the entire remuneration of whatsoever kind earned by all persons employed in the service of this Employer in connection with this Employer's trade, business, profession or occupation, as provided in Condition A, to whom remuneration of any nature in consideration of service, is paid, allowed or due, except the President, any Vice-President, Secretary, or Treasurer of a corporation not personally supervising the manual or mechanical processes covered by the policy, whose remuneration is not included."

The record fails to disclose any of the circumstances surrounding the execution and delivery of the policy. It ap-

pears that the compensation of deceased as a salesman and estimator was included in a classification of the payroll upon which the advance premium was estimated. It does not appear that the insurer knew that any officer's remuneration was included in the payroll upon which such advance premium was estimated. The insurer did not know that deceased had become vice president of the company until it audited the books of the corporation in September, 1938, for the purpose of adjusting the estimated premium upon the policy. Thereupon it refused to include in the aggregate payroll upon which the actual premium was to be computed that portion of the remuneration of deceased earned subsequent to his election as vice president, and has defended throughout on the theory that it had no policy in force covering deceased at the time of his accidental death. As indicated at the outset, the commissioner and the learned trial court ruled against this contention of the insurer.

The application of the Workmen's Compensation Law, SDC 64.0101 et seq., to one occupying the status of officer-employee is the subject of a special statute in our state. By Chapter 210 of the 1923 Session Laws, SDC 31.3320, it is provided: "Any insurance company authorized or which may be authorized to write workmen's compensation insurance in this state, shall be and is hereby authorized to issue policies covering employers including the executive officers of corporations who perform labor incidental to their occupations as well as employees, such policies insuring to such employers or officers the same compensation as provided for their employees and at the same rates. The estimation of wage values of employers and the officers of corporations, as herein mentioned, shall be reasonably and separately stated in and added to the valuation of their payrolls on which their premiums are computed. Employers or corporation officers so insured shall have the same rights and remedies as are given to an employee under the South Dakota Workmen's Compensation Law."

Thus it appears that an officer-employee gains neither rights nor remedies in any capacity, under our Workmen's Compensation Law, unless the employer elects to "so insure" him.

That the deceased was an executive officer of the Watertown Sash & Door Company at the time of his accidental death may not be questioned. This appeal, therefore, is narrowed to a single question, namely, Did the policy above described cover the deceased officer-employee at the time of his accidental death?

■ The theory of respondent is that the policy is fairly subject to two interpretations, and that the applicable rule of interpretation requires the adoption of the one most favorable to the insured and its employee. That such is the applicable rule of interpretation will be conceded. Lundeen v. Schumacher, 52 S. D. 149, 216 N. W. 883; Christensen v. Royal Insurance Company, 65 S. D. 246, 272 N. W. 820. Under this rule respondent contends that the language "The Officers of the Corporation are not included under the coverage of this policy" should be interpreted as only excluding the officers in their executive capacity, thus rendering the policy applicable to deceased in his status as employee. We are convinced that the policy is not fairly susceptible to such a construction.

Understanding of the meaning the parties intended to convey by the excluding clause will be gained by an analysis of the printed provisions of the form of contract it modified.

■ The printed provisions of this policy would have imposed two principal obligations on the insurer if it had been placed in force in its original state. Both of these obligations had to do with personal injuries. Under clause 1(a) the insurer would have agreed to compensate the employees of the insured under the Workmen's Compensation Law. Under clause 1(b) it would have agreed to indemnify the employer against liability for damages on account of personal injuries. By paragraph 5 the printed form of agreement purported to apply to personal injuries sustained by the president, any vice president, secretary or treasurer of the employer, or other officer, if a corporation. Thus, viewed from the aspect of an officer, the coverage of the policy in its original state purported to provide officer-employees with workmen's compensation and the employer with protection against injuries to an officer and the resultant liability for

either compensation or damages. To modify this contract, the parties inserted the words "The Officers of the Corporation are not included under the coverage of this policy." In the face of these facts, there 'is no warrant for saying that the modifying words were added to exclude officers from only a portion of the coverage of the policy. So to do would be to recast the contract, not to interpret it. We conclude that the policy did not cover deceased, an officer-employee, at the time of his accidental death. The employer not having elected to provide workmen's compensation for the benefit of its officers, the dependents of deceased are without right or remedy under the Workmen's Compensation Law.

No question of estoppel is presented by this record.

The judgment of the learned trial court is reversed.

All the Judges concur.