## COMMERCIAL SERVICE CORP., Appellant, v. STRATTON, Respondent

### (6 N. W.2d 441.)

(File No. 8550.   Opinion filed November 28, 1942.)

**Krause & Van Buren,** of Dell Rapids, for Appellant.
**J. C. Worth,** of Flandreau, for Respondent.

RUDOLPH, P.J.   The single question presented by this record is whether the notes sued on are sealed instruments and subject to the twenty-year statute of limitations. SDC 33.0232(1) (b).   The notes are in the ordinary form, with the exception that immediately following the line upon

which appears the defendant's signature there is the word "Seal" in brackets, as follows:   [Seal].

■ The trial court held that the notes were not sealed instruments subject to the twenty-year statute of limitations.   Plaintiff has appealed.

The notes in form bear a seal as defined by our Code. SDC 65.0201(18) defines a seal as follows:   "Seal, includes an impression of the seal upon the paper alone, as well as upon wax or a wafer affixed to the paper, and also the word 'seal' written or printed on such paper."   Our law expressly recognizes that a promissory note may bear a seal.   SDC 46.0111.   See also Gibson v. Allen, 19 S. D. 617, 104 N. W. 275.

■ The respondent contends that because there is no language in the body of the note indicating that it was intended to be a sealed instrument, it is not such within the meaning of the statute of limitations.   We are unable to agree with this contention.   Our statute, SDC 65.0201(18) above quoted, makes no such requirement as that contended for by respondent.   Under this statutory definition these notes are sealed in the same manner that they would have been had they been attended by all of the old formalities of imprinting a seal upon them.   At least until the contrary is shown the seal itself evidences an intention to make a sealed instrument.   A recital of the intention in the body of the instrument would undoubtedly be additional evidence of the intention, but it adds nothing in our opinion to the legal effect of the seal.   We are convinced that instruments bearing a seal, within the meaning of our statutory definition, must be held to be sealed instruments, at least until a contrary intention is shown, and subject to the twenty-year statute of limitations as held in the case of Gibson v. Allen, supra.

■ The further contention of respondent, that it is only where the law requires an instrument to be sealed that the twenty-year statute of limitations is applicable, was held adversely to respondent in the Gibson-Allen case.   The law

as established in that case has remained undisturbed by the legislature for more than thirty years, and, in our opinion, should not now be changed by this court. · See also Philip v. Stearns, 20 S. D. 220, 105 N. W. 467, 11 Ann. Cas. 1108; Sprague v. Lovett, 20 S. D. 328, 106 N. W. 134; Clark County v. Bergstresser, 63 S. D. 121, 257 N. W. 44.

We are of the opinion that the statutory provisions in this state as they now exist, and as construed by the prior opinions of this court, will warrant no conclusion other than that herein reached; however, in support of such conclusion we refer to the following decisions of other states construing similar statutes: Osborne & Co. v. Hubbard, 20 Or. 318, 25 P. 1021, 11 L. R. A. 833; Fond Du Lac Citizens Loan & Investment Co. v. Webb et al., 240 Wis. 42, 1 N. W.2d 772, 2 N. W.2d 722; Langley v. Owens, 52 Fla. 302, 42 So. 457, 11 Ann. Cas. 247; Ex parte First Nat. Bank, 212 Ala. 274, 102 So. 371.

The judgment appealed from is reversed.

All the Judges concur.