ARP, Appellant, vs. ALLIS-CHALMERS COMPANY, Respondent.

*October 15, 1906—January 29, 1907.*

*Limitation of actions: Non-residents: Foreign cause of action.*

Subd. 5, sec. 4222, Stats. 1898 (providing, among other things, that no action to recover damages for personal injuries shall be maintained unless a written notice thereof containing certain prescribed statements shall be served on the person responsible for the injury within one year after the happening of the event), is a limitation statute admitting of no exception, applies to both foreign and domestic causes of action, and acts like any other statute of limitations, extinguishing the right in a domestic cause of action as to all jurisdictions, and extinguishing the right in a foreign cause of action sought to be enforced in this state by a non-resident, as far as its enforcement in our courts is concerned.

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Robert N. McMynn* and *C. H. Van Alstine,* attorneys, and *Darrow, Masters & Wilson,* of counsel, and oral argument by *Mr. McMynn* and *Mr. Van Alstine.*

For the respondent there was a brief by *Vilas, Vilas & Freeman,* and oral argument by *E. P. Vilas.*

WINSLOW, J.   This action was commenced August 10, 1904, and was brought by the plaintiff to recover damages for personal injuries suffered by the plaintiff while in the employ of the defendant as the result of an accident which happened at the defendant's shop in the city of Chicago, March 31, 1903.   The defendant is a foreign corporation operating a manufacturing plant in Wisconsin, and on the 17th of September, 1901, had duly filed with the secretary of state an instrument appointing a resident attorney in this state as required by sec. 4231, Stats. 1898.   The defendant by answer pleaded as a defense that part of subd. 5, sec. 4222, Stats. 1898, which provides that no action to recover damages for personal injuries shall be maintained unless a written notice thereof containing certain prescribed statements shall be served on the person responsible for the injury within one year after the happening of the event.   It was admitted on trial that no notice as required by said subdivision had been served.   A verdict for the defendant was directed, and from judgment thereon the plaintiff appeals.

The controlling question presented is whether that part of sec. 4222 above referred to applies to a cause of action arising in another state when a resident of that state brings suit thereon against a resident of Wisconsin in a Wisconsin court.   A few well-established principles seem to answer this question in the affirmative.   The clause in question is a statute of limitations. *Relyea v. Tomahawk P. & P. Co.* 102 Wis. 301, 78 N. W. 412; *O'Donnell v. New London,* 113 Wis. 292, 89 N. W. 511; *Meisenheimer v. Kellogg,* 106 Wis. 30, 81 N. W. 1033; *Lawton v. Waite,* 103 Wis. 244, 79 N. W. 321; *Gatzow v. Buening,* 106 Wis. 1, 81 N. W. 1003.   True, its operation is somewhat different from the operation of other statutes of limitation in that it acts upon the time within which a preliminary

notice shall be served instead of the time within which the summons shall be served, but it is none the less a limitation upon the right to maintain the action. *Troschansky v. Milwaukee E. R. & L. Co.* 110 Wis. 570, 86 N. W. 156. It is the long-settled doctrine of this court that, when a statute of limitations has completely operated, it extinguishes the right of action by taking away the remedy. *Eingartner v. Ill. S. Co.* 103 Wis. 373, 79 N. W. 433. In the absence of any saving clause our statutes of limitation operate against nonresident plaintiffs who bring actions in the courts of this state as well as against residents. *Winter v. Winter,* 101 Wis. 494, 77 N. W. 883; *Fields v. Estate of Mundy,* 106 Wis. 383, 82 N. W. 343. Were the rule otherwise the result would be that nonresident litigants coming into our courts to enforce a foreign cause of action would possess greater rights and privileges than citizens of our own state. They are entitled to the same right and privileges—no more, no less. *Eingartner v. Ill. S. Co.* 94 Wis. 70, 68 N. W. 664. This does not mean that our statutes of limitation have any extraterritorial effect so far as foreign causes of action are concerned. They do not reach over into Illinois and extinguish a right of action arising there. It only means that the foreign right sought to be enforced in this state after our statute has run has ceased to exist so far as regards its enforcement in this state, although the right and all remedies to enforce it in the state of Illinois remain entirely unaffected. Of course, when a cause of action arising here between residents of Wisconsin is barred here the right is extinguished in all jurisdictions, but no one could reasonably claim that because it could not be enforced under the limitation laws of a sister state it is barred here.

So we hold that the provision in question is a limitation statute admitting of no exception; that it applies to both foreign and domestic causes of action; that it acts like any other statute of limitations, extinguishing the right in a domestic cause of action as to all jurisdictions, and extinguishing the

right in a foreign cause of action sought to be enforced in this state by a nonresident, as far as its enforcement in our courts is concerned. This accords with the decision of the trial court.

*By the Court.*—Judgment affirmed.

TIMLIN, J., took no part.