STATE BANK OF WEST PULLMAN, Appellant, vs. PEASE, imp., Respondent.

*January 8—April 8, 1913.*

*Limitation of actions: Conflict of laws: Bills and notes: Partial payment by one joint maker: Foreign statutes: Evidence.*

1. If the place of a contract is in one country and judicial enforcement of it be sought in another, the statute of limitations of the latter applies, unless the contract right shall have been previously extinguished by the law of the former.

2. The statute of limitations of a country, existing at the time of the making of a contract therein, does not inhere in such contract and go with it, under the rule that the *lex loci contractus* governs as to the nature, validity, and interpretation of a contract unless the mutual intention of the contracting parties at its inception was otherwise.

3. The statute of limitations has reference to the remedy and falls within the principle that the law of the forum governs in respect thereto.

4. So long as a contract has existence under the law of the place thereof, it is enforceable in the forum of any other country unless its limitation laws would afford a defense.

5. In case the limitation laws of the place of a contract bear on the remedy without extinguishing the contract right, it is enforceable in another country where, if such were the place thereof, a remedy would be afforded, otherwise not.

6. In case the limitation laws of the place of a contract bear on the remedy and in time extinguish the right, it is not enforceable in another country, regardless of its own statute of limitation.

7. By force of sec. 4248, Stats. 1911, payment upon a contract by one of two joint makers does not affect the running of the statute of limitations as to the other.

8. In the absence of evidence to the contrary, it is presumed that the written law of another country is the same as our own.

9. The mere introduction of a volume of statutes of another country for the purpose of identification, goes no further than the particular purpose.

10. To make proof of the negative in one country, as to the written law thereof being the same as that of another, by the use of the bound volume of its statutes, it should, at least, be offered in evidence for the specific purpose of showing that it contains no such enactment. The better way would be for the one who has familiarized himself with the matter to testify that the volume does not contain any such law, and in the absence of some such definite evidence, a trial court will not be condemned for deciding a controversy respecting the matter upon the presumption aforesaid.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for Sauk county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Action to recover on a demand promissory note, dated April 22, 1904, made in Illinois and by its terms made payable there, defendants being joint makers. At such date defendants resided in Illinois. Soon thereafter they removed to Wisconsin. There was a payment by defendant Verne S. Pease within six years after such date and the six years preceding the commencement of this action, which was December 8, 1910. The six-year statute of limitations of this state was pleaded. The ten-year statute of Illinois operating on such contracts was introduced in evidence. The jury found, specially, the facts stated. The court gave judgment for defendant *Edith A. Pease* on her plea of the statutes of limitation, but awarded judgment against Verne S. Pease.

For the appellant there was a brief by *Bentley, Kelley &
Hill* and *F. H. Novak,* and oral argument by *F. R. Bentley.*

For the respondent, *Edith A. Pease,* there was a brief by
*Grotophorst, Evans & Thomas,* and oral argument by *E. A.
Evans.*

The following opinion was filed January 28, 1913:

MARSHALL, J.   If the place of a contract is in one state
and an action to enforce it is brought in another, does the stat-
ute of limitations of the former apply?   Counsel for appel-
lant hold the affirmative.   If they are right the judgment is
wrong.   The trial court held that the law of the forum gov-
erns.

Counsel make the mistake of supposing that the statute of
limitations of the place of a contract falls within the doctrine
that a contract is governed by the *lex loci contractus.*   Such
is not the case.   It bears on the remedy and, in many juris-
dictions, including our own, extinguishes the right by ren-
dering it nonenforceable.   In a sense, it bears on the right,
because a right without a remedy ceases to be a right at all,
except in a moral sense.   A distinction is made, however, be-
tween bearing upon the right and bearing upon the remedy,
in this; in case, at the place of the contract, the statute bears
on the remedy without operating, fatally, upon the right,
such right may be enforced in a state where its own statute
has not run; but, in case, at the former place, the right has
been extinguished by the law there, then it cannot be enforced
in another state even though its own statutory period has not
expired.   But, in any case, if the contract has not fully run
at the place of the contract, but has in the jurisdiction where
enforcement is sought, the latter governs.   That is by the
universal rule, it will be found, when the ground of apparent
differences in judicial holdings is appreciated.   "This rule
is in conformity with the universal rule that, as the statute
operates merely upon the remedy, the law of the *forum,* and
not the law of the *situs* of the contract, controls."   Wood,

Limitations (2d ed.) § 8; *Hite v. Keene,* 149 Wis. 207, 134 N. W. 383, 135 N. W. 354.

In *Arp v. Allis-Chalmers Co.* 130 Wis. 454, 110 N. W. 386, the question was not, as counsel seem to think, whether the limitation act should have the effect, under the circumstances here, accorded to it, but whether it was, strictly speaking, a statute of limitation.    Having that in the affirmative, the consequences, in general, of such statutes were held to apply,—apply though the cause of action arose under the laws of another state, the court declaring, as a principle of general application: "It is the long settled doctrine of this court that, when a statute of limitations has completely operated, it extinguishes the right of action by taking away the remedy. . . . In the absence of any saving clause our statutes of limitation operate against nonresident plaintiffs who bring actions in the courts of this state as well as against residents."    The court further said, in effect, a right referable to a foreign jurisdiction, may have vitality and be enforceable there and yet have been extinguished as regards the courts of this state, as it is in all cases where, by lapse of time, if the contract were of domestic character, it would be so regarded.

Did the trial court rule right in sustaining the action as to Mr. Pease but not as to *Mrs. Pease?*    That was done by reason of our statute, sec. 4248, providing that payment by one joint debtor shall not affect the right of any other to the benefit of the statute of limitations, and the presumption that the law of · Illinois—the place of the contract—is the same as here, there being no proof, as the court thought, to the contrary.    Counsel, in the main, answer that by claiming that the entire statutes of Illinois were in evidence, showing they contained no such saving clause as our sec. 4248 and that the court should have been governed accordingly,—should not have ignored the presence of the book before it merely because counsel did not definitely call attention thereto or perhaps introduce oral proof on the subject.

The difficulty with counsel's position is that the whole statutes of Illinois were not in evidence except for the purpose of identification; the court being distinctly told that the book was so offered and that only a particular section was required to be considered. That was not changed by anything else which occurred upon the trial. The offer, coupled with a suggestion that no part of the book need be considered except sec. 83, as was the fact, warranted the court in taking that course. Had the volume been offered for the purpose of showing that it did not contain any such provision as our sec. 4248, the case would be far different. On the whole, it seems that the court was rather invited not to look into the limitation statutes of Illinois as a whole, and was warranted, as stated, in applying the statutes of this state, as was done.

Other matters discussed, including a suggestion that our statute was not properly pleaded, and that the law of Illinois fixing the liability of married women had a bearing on the question, have been considered without discovering any reason why the judgment appealed from should be disturbed, or other matters should be treated at length.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on April 8, 1913.