BANKING COMMISSION, Appellant, vs. MAGNIN, Respondent.

*October 8—November 4, 1941.*

For the appellant there was a brief by *Alk, Kresky, Cohen & Hughes* of Green Bay, and oral argument by *James A. Hughes*.

For the respondent there was a brief by *Lehner & Lehner, Adolph P. Lehner,* and *Howard W. Eslien* all of Oconto Falls, and *Orville S. Luckenbach* of Shawano, and oral argument by *Mr. Eslien.*

FAIRCHILD, J. We are of the opinion that the note is under seal and that the twenty-year statute of limitations applies. While a promissory note is not required to be under seal, there is no reason in law why the maker of a note may not, for purposes satisfactory to him and his payee, make his ordinary promise in the form of a specialty by adding a seal. Sec. 235.17, Stats., provides that a scroll or device as a seal upon an instrument "shall have the same force and effect as a seal attached thereto" and then it is to be "of the same obligation as if actually sealed." The note in question was on a printed form. The portion just preceding the respondent's signature contained the words and blanks quoted above. The note was signed by respondent immediately preceding the word "Seal" in parentheses.

Respondent's contention is that the printed word "Seal" is neither a scroll nor a device and therefore does not come within the provisions of the statute and should not be regarded as being a seal. He points to the form in which the statute is drawn and the apparent distinction therein made between instruments not required to be under seal and those required to be executed with the solemnity of a sealed instrument after the manner of the common law. The questions thus raised by the demurrer to the complaint are not altogether new. In *Williams v. Starr*, 5 Wis. 534, 549, it was held to be the law that the printed letters "L. S." inclosed in brackets or parentheses in the usual place of a seal is sufficient under the provisions of our statute to answer the purpose of a seal.

Courts of other jurisdictions have treated with facts similar to those presented in this case under statutes varying in terms but similar in substance to those of this state. A study of such cases reveals that the sealing of an instrument "has become constructive rather than actual." A device is referred to in statutes and decisions as a "written or ink seal," a "scrawl," or "scroll." The general trend of authority is that when such a device appears upon an instrument, even though the seal is not referred to in the body of the instrument, it places the instrument in the class of special contracts or sealed instruments, and the life of the obligation is fixed accordingly in the statute of limitations. In practically all jurisdictions the rule prevails that a scrawl or scroll following the signature indicates an intention to make a note a sealed instrument, and that the inclusion in brackets or parentheses of letters "L. S." or the word "Seal" shows an intention to use the device as a seal. In some of the cases referred to in this opinion the argument was advanced that the device used is not in fact a scroll or device but that being printed was therefore merely to indicate the place where the seal should be if used; that it was not plainly designated as a

seal; that it did not appear the maker had the particular device in mind when signing the note; and that since promissory notes do not require a seal, it should not be conclusively presumed that the maker of the note intended to adopt and use the device as his seal so as to make the note a sealed instrument. Brackets or parentheses or similar or fantastic flourishes of the pen constitute a scroll and answer the purpose of the seal, particularly when the word "Seal" or the letters "L. S." are placed within the device or scroll. *Comerford v. Cobb,* 2 Fla. 418; *Langley v. Owens,* 52 Fla. 302, 310, 42 So. 457, 459. In the latter case the court said that since a device or character such as a bracket or parenthesis is of itself an indication of intention to use a seal, "certainly it is none the less so when the letters 'L. S.' are contained within it. If the word 'Seal' contained within the scrawl '[ ]' or '( ),' is evidence that the scrawl was affixed as a seal, the letters 'L. S.,' which are in common use in the making of sealed instruments, when they appear within a scrawl opposite the signature of the maker of the notes, are certainly evidence of the purpose for which the scrawl was used; and as nothing to the contrary appears by the notes it must be presumed that the maker of the notes so used the device as his seal." It was there observed that while a seal was not necessary in making a promissory note, the maker had a right to give his promise by a sealed instrument.

As was said in *Williams v. Starr, supra,* "we are of the opinion that the printed letters L. S. inclosed in brackets or parentheses, in the usual place of a seal, is a sufficient device under the provisions of our statute to answer the purpose of a seal, and that the party prefixing his signature to such a device upon an instrument purporting to be under his hand and seal, adopts the same as his seal." That decision was written when sec. 4, ch. 55, R. S. 1849, read:

"Any instrument to which the person making the same shall affix any device by way of seal, shall be adjudged and

held to be of the same force and obligation as if it were actually sealed."

Sec. 34, ch. 59, R. S. 1849, read:

"A scroll or device used as a seal upon any deed of conveyance or other instrument whatever, whether intended to be recorded or not, shall have the same force and effect as a seal attached thereto, or impressed thereon. . . ."

Sec. 235.17, Stats., as it exists today but continues a legislative purpose to avoid technical requirements as to a seal. See also *Lorah v. Nissley,* 156 Pa. 329, 331, 27 Atl. 242, in which it was said: "Ratification is equivalent to antecedent authority, and the writing of his [the maker's] name to the left of the printed word, so as to bring the latter into the usual and proper place for a seal, is ample evidence that he adopted the act of the printer in putting it there for a seal."

It is therefore considered, under the facts disclosed by the complaint to which the demurrer was interposed, that the respondent's note was made and executed under seal and that it will not be outlawed until the period fixed by sec. 330.16 (2), Stats., has run.

*By the Court.*—Order reversed, and cause remanded for further proceedings according to law.