FOND DU LAC CITIZENS LOAN & INVESTMENT COMPANY, Appellant, vs. WEBB and others, Defendants: CAREY, Respondent.

*December 4, 1941—March 10, 1942.*

For the appellant there were briefs by *Kelly & Boerner* of Fond du Lac, and oral argument by *J. L. Kelly.*

*J. E. O'Brien* of Fond du Lac, for the respondent.

The following opinion was filed January 13, 1942:

FAIRCHILD, J. Respondent demurred to the complaint on the ground that action on the note was barred by the six-year statute of limitations, sec. 330.19, Stats. It is conceded that after W. F. Carey affixed his signature to the paper more than six years passed before the summons was issued. It is asserted by appellant that the note is a sealed instrument and that the limitation on its right of action is that fixed by sec. 330.16 (2), to wit, twenty years. Carey with his comakers signed the note in such a manner that each of the signatures was immediately followed by the printed letters "L. S." inclosed in brackets. The note was dated December 30, 1930, and the action was begun more than six years but less than twenty years later. Appellant's action is timely and the demurrer cannot be sustained if the note is under seal.

Respondent argues that a reference to a seal is necessary in the body of a note to make it a sealed instrument, but the statute relating to sealed instruments (sec. 235.17, Stats.) does not require that there be any reference to a seal in the body of the instrument in order to make it a sealed instrument.

Sec. 235.17, Stats., provides that a scroll or device as a seal upon an instrument "shall have the same force and effect as a seal attached thereto" and then it is to be "of the same obligation as if actually sealed." That statute and the interpretation to be found in *Williams v. Starr,* 5 Wis. 534, 549, and *Banking Comm. v. Magnin,* 239 Wis. 36, 300 N. W. 740, require the holding that this note so signed by Carey

was under seal and necessitates the reversal of the ruling below.

*By the Court.*—Judgment reversed, and cause remanded with directions to overrule the demurrer and grant judgment in favor of plaintiff.

The following memorandum was filed March 10, 1942:

Fairchild, J. (*on motion for rehearing*).
Motion for rehearing denied without costs.
The mandate is modified to read as follows:

Judgment reversed, and cause remanded with directions to overrule defendants' demurrer, and for further proceedings according to law.