ESTATE OF SCHULTZ: COOK, Claimant, Respondent, vs. COOK, Executrix, Appellant.

*January 13—February 17, 1948.*

*John E. O'Brien* of Fond du Lac, for the appellant.

For the respondent there was a brief by *Hooker & Wagner* of Waupun, and *August Kading* of Juneau, and oral argument by *E. W. Hooker*.

ROSENBERRY, C. J.   On June 19, 1933, the deceased Ottilie Schultz and her husband William C. Schultz, executed a promissory note to the claimant for the sum of $7,970.21, payable on demand after date with interest at the rate of six per cent. No part of the note has been paid.   There is now due thereon the principal sum, together with interest at the rate of six per cent per annum from the date of the note to the 26th day of April, 1946, amounting to the sum of $6,145.98, in all the sum of $14,116.19 principal and interest.

Each of the signatures was preceded by the words "witness our hand and seal" and each signature was followed by the

word "seal".   No place of payment, performance, or execution is indicated in said note.   The note represented advances and interest theretofore made by the claimant to the makers of the note.

In June, 1931, the payee left Wisconsin and established his residence at Ellerslie, Maryland, where he has since continuously resided.   In 1932 and 1933 the claimant prepared a new note for the makers to sign and mailed the same to Wisconsin. Upon receipt thereof the makers signed and returned the note to the claimant at his home in Maryland.   Upon the receipt of the new note the claimant marked the old note "Paid out by renewal," or a similar indication of payment and returned the old note to the makers in Wisconsin.

The note upon which claimant predicates his claim was prepared for signature by the claimant in Ellerslie, Maryland, and by him mailed to the makers at Watertown, Wisconsin. Upon receipt of the same the makers signed it and returned it by mail to the payee who received it in Maryland, and upon receipt thereof the payee took the immediate older note, wrote thereon the words "Paid out by renewal" and mailed the older note to the makers at Watertown, Wisconsin.

On the 4th day of June, 1941, the decedent, Ottilie Schultz, one of the makers of the note upon which the claim is based, executed a codicil to her will, which was received in evidence and which is in the following words:

"As and for a codicil to my last will and testament, I hereby authorize and direct my executor named therein, as a first obligation of my estate to pay to Dr. E. H. Cook of Ellerslie, Maryland, the note held by him executed jointly by William C. Schultz, my late husband, and myself, now in the sum of about $11,000.

"In witness whereof, I have hereunto set my hand and seal at the city of Lake Mills, this 4 day of June, 1941.   Ottilie Schultz (Seal)."

The codicil was properly witnessed and executed.

On the 5th day of June, 1941, the codicil was mailed by its maker to the claimant who received it in Maryland. That said codicil was accepted by the claimant and remained in his possession until it was offered as an exhibit upon the trial. Upon these facts the court concluded that the note in question is a sealed instrument, that it is a renewal contract and the place of the contract is the state of Maryland, that the place of performance is Wisconsin, that the cause of action upon said note accrued within the state of Wisconsin, that sec. 330.16 (2) of the Wisconsin statutes does, and sec. 330.18 (2) does not apply. That the codicil of the will of Ottilie Schultz, executed by her upon express written request of the claimant and delivered to him by the decedent and accepted and retained by the claimant, tolled the statute of limitations and revived the debt. Judgment was awarded accordingly. Additional facts will be stated in the course of the opinion.

On this appeal the appellant contends:

First: That the note was a Maryland contract; that the cause of action thereon accrued in Maryland and is barred by the statute of limitations, sec. 330.18 (2), Wis. Stats.

Second: That the codicil did not toll the statute of limitations and revive the debt.

Third: That by failing to file the note as a claim against the estate of William Schultz, one of the makers, the claimant released the deceased who was an accommodation signer without consideration.

Fourth: That the action is barred by laches of claimant.

We now consider the first contention of the appellant. It appears without dispute that prior to June, 1931, the makers and payee of the note were all residents of Watertown, Wisconsin. The original debt was incurred in 1923. As already stated, in 1932 and 1933 the claimant prepared a new note for each of the years for the makers to sign, including the interest accrued, and mailed the same to Wisconsin for the signatures of Mr. and Mrs. Schultz, who signed the same and returned

the same to Dr. Cook in Maryland, who on receipt of the new note canceled the old note and returned it to Mr. and Mrs. Schultz. From these facts it is claimed that this is a Maryland contract. This contention cannot be sustained. In the arrangement for the execution and delivery of the note upon which the claim is based the claimant took the initiative. He prepared a blank note, mailed it to Mr. and Mrs. Schultz in Wisconsin, who upon receipt of it signed it and mailed it to Dr. Cook. When the makers deposited the note in the mail to be carried, the transaction so far as they were concerned was completed. By the course of business Dr. Cook either expressly or impliedly requested that the note be returned to him in Maryland and for that purpose made the post office his agent for its delivery to him. For that reason when the note was mailed delivery was complete. *Washburn v. Fletcher,* 42 Wis. 152; *Davis v. Chicago, M. & St. P. R. Co.* 93 Wis. 470, 67 N. W. 16, 67 N. W. 1132; *State ex rel. Webster Mfg. Co. v. Reid,* 177 Wis. 612, 188 N. W. 67; *Bosworth v. Greiling,* 213 Wis. 443, 250 N. W. 856.

This is not a case where the makers of the note sought a renewal and mailed to the claimant upon their own motion a note extending the time, thus requesting an extension. It was within the province of the claimant, not of the makers of the note, to determine whether the time should be extended.

We note that the trial court was of the view that the transaction was not completed until the makers received the canceled note from the claimant. The sending of the canceled note by the claimant to the makers of the new note was in accordance with customary business practice but it did not in the slightest degree change the legal effect of the transaction. No stipulation or agreement to return the old note was shown. The claimant made the offer to renew the note and the makers accepted it.

While the instrument in question does not specify the place where it is drawn or the place where it is payable its validity

is not affected for that reason.   Sec. 116.10 (3), Wis. Stats. Being a Wisconsin contract under seal the twenty-year statute applies.   *Banking Comm. v. Magnin,* 239 Wis. 36, 300 N. W. 740; *Fond du Lac Citizens Loan & Inv. Co. v. Webb,* 240 Wis. 42, 1 N. W. (2d) 772, 2 N. W. (2d) 722; *Singer v. General Acc., F. & L. Assur. Corp.* 219 Wis. 508, 262 N. W. 702; *Banking Comm. v. Townsend,* 243 Wis. 329, 10 N. W. (2d) 110.

In any event it is the established law that the statute of limitations of the jurisdiction in which the action is brought applies rather than that of the place of contract.   *State Bank of West Pullman v. Pease,* 153 Wis. 9, 139 N. W. 767.   See 34 Am. Jur., p. 51, sec. 51, and cases cited.

Second.   We concur in the view of the trial court that the execution and delivery of the codicil tolled the statute of limitations and revived the debt even if the six-year statute applied.

Third.   It does not appear that the comaker of the note, William Schultz, had any estate within the state of Wisconsin or the United States.   We do not therefore consider any further the contention that the failure of the claimant to file a claim against his estate operated to discharge the note.

As to the fourth contention that the failure of the claimant to sooner prosecute his claim against the deceased amounted to laches which will bar recovery, appellant cites no authority to sustain this contention and we find none.   This is not a proceeding in a court of equity and is not governed by the law governing equitable actions.   It is in effect a suit upon a note and in such an action it is well-settled law that mere laches, less than the period of the statute of limitations, does not bar recovery thereon.   Estoppel by laches may not be invoked in an action at law.   *United States v. Mack,* 295 U. S. 480, 55 Sup. Ct. 813, 79 L. Ed. 1559.

The respondent moved to dismiss the appellant's appeal on the ground that the court was in error in extending the time within which the appeal could be taken.   We do not consider

this motion for the reason that respondent took no appeal from the order granting the extension. There is, therefore, nothing before this court.

*By the Court.*—Judgment affirmed.