**CONSUMERS PETROLEUM CO. v. CONSUMERS CO. (two cases).**

No. 9859, 9860.

United States Court of Appeals Seventh Circuit.

July 19, 1949.

As Amended on Denial of Rehearing Sept. 30, 1949.

Albert E. Jenner, Jr., Edward H. Hatton, Chicago, Ill., Harry G. Hershenson, Chicago, Ill., James B. McKeon, Chicago, Ill. (Hershenson & Hershenson, Poppenhusen, Johnston, Thompson & Raymond, Chicago, Ill., of counsel), for Consumers Petroleum Co.

Joseph B. Fleming, Carl S. Lloyd, Chicago, Ill., Lloyd M. Bowden, Chicago, Ill., Edward C. Caldwell, Chicago, Ill. and Kirkland, Fleming, Green, Martin & Ellis, Chicago, Ill. for Consumers Co.

Before MAJOR, Chief Judge, DUFFY, Circuit Judge, and LINDLEY, District Judge.

MAJOR, Chief Judge.

The controversy before us is the aftermath of a suit brought by Consumers Petroleum Company (plaintiff) against Consumers Company of Illinois (defendant) for unfair competition in the marketing of fuel oils in the Chicago metropolitan area. From a decree dismissing the complaint for want of equity, an appeal was taken to this court which, with one Judge dissenting, reversed the District Court "with directions to proceed in accordance with the views herein expressed." Consumers Petroleum Co. v. Consumers Co. of Illinois, 7 Cir., 169 F.2d 153, 164. A mandate issued pursuant to this opinion was filed in the court below on January 13, 1949. On March 3, 1949, that court entered a decree purportedly in conformity with the mandate and opinion of this court, which so far as presently material provides: "The defendant, Consumers Company, a Delaware corporation, its officers, agents, representatives, clerks, servants, workmen, salesmen, and employees be and they, each and all, are herewith and henceforth perpetually restrained and enjoined from using in any manner whatsoever the corporate name 'Consumers Company' or the name 'Consumers' or any similar or like names or derivative or abbreviation thereof, whether or not accompanied or coupled with other words or symbols or any other word or symbol, or mark deceptively similar, or any name, legend, or mark of which the name 'Consumers' forms a part in marketing, selling, or offering for sale, advertising, vending, distributing, or merchandising fuel oil at retail in the City of Chicago and the Chicago metropolitan area."

From this decree both parties have appealed, the defendant in No. 9859, and the plaintiff in No. 9860.

The contention advanced on both appeals is that the decree is not in conformity with the mandate and opinion of this court.

The primary issue raised by the defendant, which we shall first consider, is that the court erred in enjoining the defendant from the use of its corporate name in the sale and distribution of oil, the effect and purpose of which admittedly is "to put the Consumers Company out of the fuel oil business in Chicago." The court stated that it was imposing this drastic restraint upon the defendant against its better judgment and only because it was required to do so by the holding of this court. If the defendant's position be accepted, we are confronted with the further issue as to the scope of the injunction to which plaintiff is entitled.

■ From the argument which took place below and from the colloquy between the court and counsel, as well as the argument here, it appears that more confusion resulted from our opinion than was caused by defendant when it entered the fuel oil business. Without any thought of proclaiming it is a masterpiece or a model for clarity, we are convinced that it is not reasonably susceptible of the criticism to which it has been subjected. The opinion must speak for itself and what we have held, of course, is now binding not only on the court below but on this court as well. The most pertinent criticism is that we failed to distinguish between the trade name "Consumers" and the defendant's corporate name. This criticism cannot be overlooked because it goes to the heart of the instant controversy. Our asserted failure to make this distinction, so it appears, was the basic premise upon which the court concluded that it was required to enjoin the defendant from the use of its corporate name. The court below stated, "In the opinion the Court of Appeals uses the words 'trade name' twenty-five times, and in all cases, as being synonymous with corporate name." Our reading of the opinion fails to reveal the situation thus discerned by the lower court and leads us to wonder whether it is this or that court which is confused and which has failed to distinguish between the trade name and the corporate name.

The opinion taken in its entirety plainly discloses, so we think, that the issue with which we were concerned and which we decided was that the defendant in 1938, when it commenced the sale of fuel oil under the trade name "Consumers," engaged in unfair competition. This was on the theory that plaintiff had previously appropriated and put to use such trade name. In the beginning we set forth the position of the respective parties and the issue for decision 169 F.2d 155. Relative to the plaintiff's position, the opinion states, "Further, it is claimed that the defendant subsequently appropriated the trade name 'Consumers' in the sale and distribution of fuel oil and that as a result the public has been confused by such use, which constitutes unfair competition and resultant damages to plaintiff's business, good will and reputation." As to the defendant's position, we stated, "The defendant denies that it wrongfully appropriated the trade name 'Consumers' in connection with the sale and distribution of fuel oil; in fact, its theory is that it had a right to utilize this trade name in connection with the sale of fuel oils since the incorporation of its predecessor in 1913, and that the appropriation of such trade name by plaintiff in 1925 was wrongful." We continued, "Each side, however, disclaims responsibility for the confusion and each asserts that it was the result of the wrongful act of the other in appropriating and using the trade name 'Consumers' in connection with the sale and distribution of fuel oil."

It thus hardly seems open to question but that the issue considered by this court was whether the defendant had a right to use the trade name "Consumers." As Judge Minton stated in his dissenting opinion (page 165), "The word 'Consumers' is the only word in issue here." That such was the issue is accentuated at numerous points in the opinion. "In fact, defendant's contention is predicated on the theory that fuel oil and hard fuels are of the same general descriptive class and that the defendant having first adopted the trade name 'Consumers,' plaintiff wrongfully took such trade name when it commenced its dealings in fuel oil in 1925" (page 158). "It was only when the defend-

ant engaged in the fuel oil business under the trade name in controversy that the confusion arose" (page 159). After reviewing and quoting from numerous cases designed to show that a person or corporation has a property right in a trade name first appropriated and put to use, we stated (page 161): "From these authorities and others which could be cited, it appears to be an established principle that a person or corporation can acquire a property right in a trade mark or trade name only by use of such mark or name in connection with goods of the same descriptive class. Applying this principle, we are of the view that the defendant acquired no property right in the trade name 'Consumers,' as applied to fuel oil, for the reason that it did not use such name in that connection until 1938, and long prior to that time the trade name had been appropriated and used by the plaintiff in connection with such business. As a corollary, plaintiff in 1925 had a right to appropriate and use the name in connection with fuel oil."

The substance of our holding is embodied in the statement (commencing on page 162): "We, therefore, are of the view that defendant's use of the trade name 'Consumers' in connection with the sale of fuel oil commenced in 1938 was a violation of plaintiff's right to the use of such trade name and that it amounted to unfair competition. Furthermore, we disagree with the lower court's conclusion that plaintiff's long delay in taking action against the defendant constitutes laches barring all relief, or that it is barred by estoppel. In our view of the case, there was no occasion for plaintiff to institute an action against the defendant until 1938, when the latter commenced the use of the trade name in connection with its fuel oil business, which was the direct cause of the confusion in that line of business; in fact, it is doubtful, under the authorities heretofore referred to, if plaintiff could have maintained an action prior to that time. Certainly it could not have done so during the period of 1925 to 1927, because defendant was not engaged in the fuel oil business during those years in any capacity. From 1927 to 1938, the plaintiff suffered no harm for the reason that defendant's limited fuel oil business was not conducted under the name 'Consumers' but under trade names of the Standard Oil Company. No question is raised but that plaintiff subsequent thereto and in apt time served a notice on the defendant protesting the latter's right to the use of the name 'Consumers' in connection with its fuel oil business, and that suit was thereafter appropriately instituted."

Does this language leave any room for doubt but that it was defendant's use of the trade name "Consumers" which we condemned and held to be unfair competition? And is there any reasonable basis for plaintiff's contention, agreed to by the court below, that our holding was designed to prohibit the defendant from the use of its corporate name? We think both questions must be answered in the negative. Unfortunately, there are two or three sentences in the opinion which, if standing alone, might form the basis for the inference that we were striking at the corporate name, but certainly the opinion taken as a whole does not lend itself to such a result. It is admitted that we did not expressly hold that defendant's use of its corporate name was wrongful and, in our view, such a result cannot reasonably be inferred. Certainly no such result was intended. The use by the defendant of its corporate name was not treated or considered as an issue and the confusion shown was not the result of such use but was occasioned by defendant's use of the trade name "Consumers." On the former record, there was no showing that either plaintiff's corporate name or its trade name "Consumers" had acquired a secondary meaning, and it was conceded and found that the defendant was guilty of no fraud, palming off or bad faith. Under such a situation, we think a serious question would arise as to the authority of a court to enjoin defendant's use of its corporate name adopted long prior to the adoption and use by plaintiff of a similar corporate name. At any rate, our attention is called

to no authority which under similar circumstances has imposed such a drastic remedy.

Of course, it must be recognized that the point of demarcation between the trade name "Consumers" and defendant's corporate name, due to their similarity, may not always be capable of exact ascertainment. But there is a legal gap between the two names and it was this gap, narrow as it may be, which enabled plaintiff to prevail in this court. As noted, no complaint was made by the plaintiff of defendant's use of its corporate name in the sale of oil from 1927 to 1938, during which time its oil was sold under trade names other than that of "Consumers." It was only when it in 1938 commenced the use of such trade name that confusion resulted.

For the reasons stated, we conclude and hold that the decree appealed from is erroneous as not being in conformity with the opinion and mandate of this court. The decree, therefore, is reversed and remanded, with directions that it be vacated and that a decree be entered in light of the views herein expreessed. In view of what we have said and inasmuch as a new decree must be formulated, we think it is unnecessary to discuss the criticism which the plaintiff directs at the decree.