### DRINAN v. A. J. LINDEMANN & HOVERSON CO.

No. 10723.

United States Court of Appeals Seventh Circuit.

Feb. 27, 1953.

Henry L. Beers and William Caughey, by William T. Caughey, Muskegon, Mich., Bitker & Marshall, by Philip G. Marshall, Milwaukee, Wis., Floyd H. Skinner and Alphonse Lewis, Jr., Grand Rapids, Mich., for appellant.

Glenn R. Dougherty, Suel O. Arnold and Dougherty, Arnold & Waters, all of Milwaukee, Wis., for appellee.

Before MAJOR, Chief Judge, and FINNEGAN and SWAIM, Circuit Judges.

MAJOR, Chief Judge.

Plaintiff, on the 19th day of March, 1951, was appointed by the Probate Court for the County of Muskegon, State of Michigan, as Special Administrator of the estate of Beatrice Williams, deceased. On the day of his appointment he commenced the instant action in the United States District Court for the Eastern District of Wisconsin, purportedly predicated upon the Michigan Wrongful Death Act as amended in 1939, Act No. 297, Pub. Acts 1939, Stat. Ann.1944, Cum.Supp. § 27.711–12.

The complaint alleged, so far as here material, that plaintiff's decedent, on March 20, 1948, ignited an oil stove manu-

factured by the defendant which, because of its negligent and defective manufacture, exploded, burning the decedent to such a degree that she died shortly thereafter. The complaint contained an allegation that "plaintiff's decedent was severely burned causing her to suffer great and excruciating pain and agony for a period of some hours before her death." The complaint also alleged that the decedent was a married woman, having one child of tender years partly dependent upon decedent's earnings for support and maintenance, and that decedent's husband had become liable for hospital, doctor, nurses and similar expenses. Damages were sought in the amount of $100,000. Jurisdiction of the District Court was invoked because of diversity of citizenship, with the requisite amount involved.

As shown, the complaint was filed one day short of three years from the date of decedent's death. Defendant by its answer invoked three defenses. The first was a general denial of defendant's negligence. The second was that the suit was barred by § 330.19(5) of the Wisconsin Statutes, which provides in substance that "No action to recover damages for injury to the person shall be maintained unless, within two years after the happening of the event causing such damages, notice in writing, signed by the party damaged, his agent or attorney, shall be served upon the person or corporation by whom it is claimed such damage was caused." The section sets forth the information which shall be contained in the notice and how it shall be served, and provides that notice is not required where an action is actually commenced within two years and the complaint served within two years after happening of the event causing such damages. Under this defense it was alleged and is presently admitted that no notice was served upon the defendant and no action commenced within the two years. The third was that the suit was barred by subsection (3), § 330.21 of the Wisconsin Statutes, which provides that actions for wrongful death must be brought within two years after the cause of action has accrued.

The District Court in its memorandum opinion held, citing cases in support thereof, that the third defense was not available to defendant inasmuch as the two-year limitation thereby pleaded applied only to a right of action created by the Wisconsin Wrongful Death Act—in other words, that it was not controlling here where death occurred in another State. Defendant raises no question in this court as to the propriety of the holding of the District Court in this respect. Under these circumstances, we find no necessity to cite or discuss the cases upon which the District Court relied and we accept the ruling as to this defense.

The District Court, however, sustained the defense secondly pleaded, that is, that the action was barred by the two-year notice requirement of § 330.19(5), and thereupon ordered a dismissal of the complaint. It is from this order that the appeal comes to this court.

Plaintiff contends that § 330.19(5) is without application and that, if any limitation period of the State of Wisconsin is to be given effect, it is § 330.19(4), which provides that certain actions must be commenced within six years, among which is "An action upon a liability created by statute when a different limitation is not prescribed by law." Obviously if the two-year notice provision contained in subsection (5) (second defense) is applicable, the six-year limitation provision contained in subsection (4) is of no benefit to the plaintiff. Conversely, if the former subsection is not applicable, it appears equally obvious that the six-year limitation period of the latter subsection is controlling and that plaintiff's action was commenced in time.

As shown, subsection (5) (second defense) is applicable solely to an "action to recover damages for an injury to the person." As we understand defendant's position, it is that the instant action is one for "an injury to the person" because of the allegation in the complaint that "plaintiff's decedent was severely burned causing her to suffer great and excruciating pain and agony for a period of some hours before her death." In view of defendant's argu-

ment, it is fair to assume that in the absence of this allegation there would be no basis for the contention that § 330.19(5) of the Wisconsin Statute is controlling.

■ The question whether the action is for personal injuries must be determined by the law of the State of Michigan wherein, decedent's injuries were sustained and death occurred. This involves a number of statutory provisions as well as court decisions interpretative thereof. The action is purportedly predicated upon the following provision of the Michigan Statute as amended in 1939 (citation supra), which provides:

"Sec. 1. Be it enacted by the senate and house of representatives of the state of Michigan, whenever the death of a person *or injuries resulting in death,* shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would (if death had not ensued) have entitled the party injured to maintain an action and recover damages, in respect thereof, then and in every such case, the person who, or the corporation which would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony. *All actions for such death, or injuries resulting in death, shall hereafter be brought only under this act."* (Italics supplied.)

This section had been in force since 1848, except the italicized words, which were added by the 1939 amendment.

Section 2 of this Act sets forth by whom and the manner in which such an action may be brought and provides that damages may be given for a pecuniary injury resulting from such death, damages for the reasonable medical, hospital, funeral and burial expenses for which the estate is liable, and "reasonable compensation for the pain and suffering, while conscious, undergone by such deceased person during the period intervening between the time of the inflicting of such injuries and his death."

The State also has, or at any rate did have prior to the 1939 amendment to the Death Act, what is known as the Survival Act, 3 Comp.Laws, § 14040 et seq., Stat. Ann. § 27.684 et seq., which provides:

"In addition to the actions which survive by the common law the following shall also survive, that is to say, actions * * * for negligent injuries to persons * * *."

Section 3 of the Death Act as amended in 1939 provides for repeal of the Survival Act to the extent that it is inconsistent with the provisions of the Death Act.

■ The District Court concluded:

"It therefore seems clear that the present action, *at least in part,* is one for personal injuries, and it follows that it is barred by the two-year notice requirement *of section 330.19(5).* Whether an action for *wrongful death unmixed with a survival claim for personal injuries would be governed by that section, the court does not here decide."*

With this conclusion we do not agree. To hold that the action is for personal injuries merely because pain and suffering were alleged as an element of damage rather than an action for wrongful death is to ignore the realities of the situation. To use a homely expression, it is to make the tail wag the dog.

After all the hair-splitting argument as to the effect which the 1939 amendment had upon the Wrongful Death Statute, the unmistakable fact is that it remained such a statute. Two essential conditions prerequisite to a right to recover were contained in the amended Act as before, namely, (1) a wrong or negligence on the part of the defendant, and (2) death of a person, occasioned by such wrong or negligence. Plaintiff stated a cause of action under this amended Act or, in the language of Rule 8, Federal Rules of Civil Procedure, 28 U.S. C.A., a statement of claim which, if proven, entitled the plaintiff to relief. It was not necessary to allege pain and suffering in

order to state a cause of action, but it was permissible to state it as an element of damages. Nor do we need to be too much concerned as to the effect which the 1939 amendment had upon the Survival Act because, in our judgment, it did nothing more than to permit the recovery in a wrongful death action of certain damages which theretofore had been recoverable under the Survival Act.

The parties in their respective briefs have devoted much energy to an analysis and discussion of the decisions of the Michigan Supreme Court in its interpretation and application of the 1939 amendment. A study of these cases leaves us in a state of some confusion, although we think they support the view which we have expressed. At any rate, they do not require a different result.

In re Olney's Estate, 309 Mich. 65, 14 N.W.2d 574, appears to be the leading case. There, the court held that the 1939 amendment did not repeal either the Death Act or the Survival Statute but that it only amended the former. The court stated, at page 581 of 14 N.W.2d:

"Surely the right to bring an action in a death case was not repealed by this re-enactment in identical words of the former statute. Instead the obvious purpose of the 1939 Act was to enable a person to bring his action under this statute regardless of whether there was instantaneous death or survival of the injured person, and to provide to what person or persons the damages recovered should be 'distributed'."

As to the damages recoverable under the 1939 amendment, the court stated at page 582 of 14 N.W.2d:

"This act specifically divides the damages recoverable into three classes. These classes are damages (1) 'with reference to the pecuniary injury resulting * * *'; (2) 'for the reasonable medical, hospital, funeral and burial expenses * * *'; (3) 'for the pain and suffering * * *.'"

In Grimes v. King, 311 Mich. 399, 18 N.W.2d 870, the action for wrongful death was brought under the 1939 amendment and a judgment in favor of the plaintiff affirmed. The court held that the administrator's right to recover was not limited to pecuniary loss suffered by the decedent but that the latter's prospective earnings had she lived was a proper element of damages.

Baker v. Slack, 319 Mich. 703, 30 N.W. 2d 403, was another action for wrongful death under the 1939 amendment, wherein the court stated, at page 407 of 30 N.W.2d:

"In both the Olney case and the Grimes case we pointed out that the provision in the 1939 act for compensation for 'pecuniary injury' is identical with that in the old death act."

In these cited cases, as well as in others which we have read, we find no holding or nothing to indicate other than that an action under the 1939 Act is one for wrongful death. The troublesome question as shown in a number of cases appears to be the elements of damage which may be recovered. It is not discernible how that question is of any consequence here because § 2 of the Death Act as amended in 1939 expressly provides for the recovery of "reasonable compensation for the pain and suffering, while conscious, undergone by such deceased person during the period intervening between the time of the inflicting of such injuries and his death * * *."

Concluding as we do that the instant action was predicated upon the Wrongful Death Act of Michigan, it follows that § 330.19(5) of the Wisconsin Statute is not applicable and that § 330.19(4), which fixes a six-year limitation period for the commencement of such actions, is controlling.

The order appealed from is

Reversed.