Thomas A. DRINAN, etc., Plaintiff-Appellant,

v.

A. J. LINDEMANN & HOVERSON CO., Defendant-Appellee.

No. 11752.

United States Court of Appeals Seventh Circuit.

Nov. 8, 1956.

William T. Caughey, Muskegon, Mich., Bruno V. Bitker, Milwaukee, Wis., Alphonse Lewis, Jr., Floyd H. Skinner, Grand Rapids, Mich., for appellant.

Suel O. Arnold, Milwaukee, Wis., James T. Murray, Ernest J. Philipp, Jr., Dougherty, Arnold & Philipp, Milwaukee, Wis., for appellee.

Before DUFFY, Chief Judge, and LINDLEY and SWAIM, Circuit Judges.

LINDLEY, Circuit Judge.

This cause was before us previously on appeal by plaintiff from an order of the District Court granting defendant's motion to dismiss. 202 F.2d 271. At the risk of repetition, but in the interest of clarity, we deem it necessary to discuss briefly, the material elements of the case pertinent to the issues presented by the present appeal.

The incident out of which this action arose occurred in the state of Michigan. Almost three years later, this suit, predicated on the Michigan Wrongful Death Statute, Pub.Acts 1939, Act No. 297, was filed in the United States District Court of Wisconsin. The complaint alleged that a kerosene stove, negligently and defectively manufactured by the defendant, exploded, and that the deceased lost her life from the resulting burns. By its answer defendant set up three defenses: the first, general denial of negligence on its part; the second, a contention that the suit was barred by § 330.19 (5) of the Wisconsin Statutes, which provides, in substance, that "No action to recover damages for an injury to the person shall be maintained unless, within two years after the happening of the event causing such damages, notice in writing, signed by the party damaged, his agent or attorney, shall be served upon the person or corporation by whom it is claimed such damage was caused"; the third, an assertion that the suit was barred by § 331.03 which allows recovery for wrongful death "provided, that such action shall be brought for a death caused in this state." However, subsequent to the filing of the answer and

motion to dismiss, Hughes v. Fetter, 341 U.S. 609, 71 S.Ct. 980, 95 L.Ed. 1212, was decided in which the Supreme Court held that if the aforesaid "provided" clause should be construed to establish a local public policy forbidding the courts of Wisconsin from entertaining a cause of action created by a foreign wrongful death statute, that policy would have to give way to the mandate of the Full Faith and Credit Clause.

Thereafter, defendant filed an amended answer and motion to dismiss, substituting for its third defense, § 330.21 (3) of the Wisconsin Statutes which provides a two year limitation period for "an action brought by the personal representatives of a deceased person to recover damages, when the death of such person was caused by the wrongful act, neglect or default of another." The District Court refused to sustain this defense on the premise that the section last cited applies only to actions arising under the Wisconsin Wrongful Death Statute—that is, deaths occurring in Wisconsin, but that its limitations do not apply to deaths occurring outside the state. However, the second defense raised was sustained.

On appeal, we held that, since this action was founded on the Wrongful Death Act of Michigan, it was not an "action to recover damages for an injury to the person" within the meaning of § 330.19 (5). On the other hand, we did conclude that the applicable provision was § 330.-19(4) which provides that certain actions must be commenced within six years, among which is "an action upon a liability created by statute when a different limitation is not prescribed by law." It is significant that in our opinion, 202 F.2d at page 272, we commented: "Defendant raises no question in this court as to the propriety of the holding of the District Court" with respect to its ruling on the applicability of § 330.21(3), to a cause of action created by a Wrongful Death Statute of a sister state. In other words, we did not pass upon the validity of the defense of this Section.

Defendant again raised § 330.21(3) as a defense at the outset of the instant trial, on the theory that the intervening decision of the United States Supreme Court in Wells v. Simonds Abrasive Co., 345 U.S. 514, 73 S.Ct. 856, 97 L.Ed. 1211, required a new and different decision on this issue. From the judgment entered for defendant, based on a jury finding of contributory negligence on the part of the deceased, plaintiff appeals and defendant at this time affirmatively urges that plaintiff's suit is barred by the two year limitation period of § 330.21(3).

In approaching this point, we must first determine whether defendant is presently estopped from asserting this defense to this court in light of its failure to raise the issue affirmatively on the prior appeal, even though it had raised it in its motion to dismiss. In addition, we must inquire whether we are bound by our ruling on the former appeal.

As to the first point, on the prior appeal defendant was not required to assert by cross-appeal the matter urged in the court below. In Standard Acc. Ins. Co. v. Roberts, 8 Cir., 132 F.2d 794, 795, 796 the court had this to say: "since appellees' contentions as to reformation of the policy and as to allowance of attorney fees and penalty seek to change or to add to the relief accorded by the judgment which was in their favor, they can raise here such issues only by a cross-appeal. [Cases cited.] On the other hand, the contention that the policy covered the accident seeks only to sustain the judgment for a reason presented at the trial and determined adversely to appellees. * * * it is no more than a change of reason for such recovery * * *. In such situations the rule is that 'a respondent or an appellee may urge any matter appearing in the record in support of a judgment.'" See also, Le Tulle v. Scofield, 308 U.S. 415, 421, 422, 60 S.Ct. 313, 84 L.Ed. 355; Morley Construction Co. v. Maryland Casualty Co., 300 U.S. 185, 191, 57 S.Ct. 325, 81 L.Ed. 593; Kansas City Life Ins. Co. v. Wells, 8 Cir., 133 F.2d 224, 228.

Thus, eventually, we are faced with the problem of whether our ruling on the former appeal is determinative of the issue now raised by defendant asserting applicability of § 330.21(3). As a general proposition, issues resolved on a former appeal are controlling on the second appeal. Consumers Petroleum Co. v. Consumers Co., 7 Cir., 176 F.2d 441; United States v. Huff, 5 Cir., 175 F.2d 678; May Department Stores Co. v. Reynolds, 8 Cir., 140 F.2d 799. However, under special circumstances, a court may reconsider its own prior legal pronouncements, as the doctrine of the law of the case is not one of power of the court to act, but, rather, a rule of practice. Messinger v. Anderson, 225 U.S. 436, 444, 32 S.Ct. 739, 56 L.Ed. 1152; United States v. U. S. Smelting Co., 339 U.S. 186, 198, 70 S.Ct. 537, 94 L.Ed. 750; Lansden v. Hart, 7 Cir., 180 F.2d 679, 682; Guth v. Texas Co., 7 Cir., 155 F.2d 563, 566. As aptly stated in Commercial Nat. Bank in Shreveport v. Connolly, 5 Cir., 176 F.2d 1004, 1006: "The doctrine of the law of the case usually raises a disinclination on the part of an appellate court to re-examine its own prior legal pronouncements in a case, but the doctrine does not destroy its power to do so." We deem the intervening decision of the Supreme Court in Wells v. Simonds Abrasive Co., supra, sufficient justification for us to reconsider our position and that taken by the District Court concerning the applicability of § 330.21(3) to an action for wrongful death based upon a foreign statute. See Minneapolis Steel & Machinery Co. v. Federal Surety Co., 8 Cir., 34 F.2d 270.

With this in mind, it becomes necessary to determine what effect, if any, the decision in the Wells case has on the issue before us. Counsel for defendant asserts that "The Supreme Court in its Wells decision found that the statute of limitations of the forum governed whether the cause of action being brought was a cause of action recognized in common law or whether the same was a statutory right created by the State. In either

event, the Supreme Court stated that no distinction could be drawn and that full accord must be given the limitation of the forum." Insofar as this statement of defendant can be construed to mean that the Supreme Court held that the statute of limitations of the forum must control under all circumstances, we disagree. As the Court said, 345 U.S. at page 516, 73 S.Ct. at page 857: "We granted certiorari limited to the question whether this Pennsylvania conflicts rule violates the Full Faith and Credit Clause of the Federal Constitution. The states are free to adopt such rules of conflict of laws as they choose * * *, subject to the Full Faith and Credit Clause and other constitutional restrictions." The Court went on to hold that Pennsylvania, the forum, by applying its own statute of limitations to a cause of action predicated upon the Alabama Wrongful Death Statute did not violate the Full Faith and Credit Clause, even though Alabama conditioned the right of action by requiring that suit be brought within a specified time. The Court did not attempt in any way to dictate that the conflicts rule adopted by Pennsylvania, by necessity, was to be adopted by any particular forum. Clearly, the Wells decision does negate the possible misconception that there is a constitutional mandate requiring a state to defer to the period provided by a foreign "built-in" limitation in a wrongful death action. Except for what has been stated, Wells v. Simonds Abrasive Co., has no bearing on the determination of whether or not Wisconsin, as a matter of local policy, extends the operation of § 330.21(3) to foreign created causes of action.

At this late date, it is axiomatic, that, under the doctrine of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, as interpreted by the Supreme Court in Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477, we must look to the conflict rule of the State of Wisconsin to determine whether this foreign wrongful death action is precluded by the par-

ticular statute of limitation in question. However, we know of no decisions where the Supreme Court of Wisconsin has answered this question. Thus, as the Court in Janes v. Sackman Bros. Co., 2 Cir., 177 F.2d 928, 932, 933 pointed out: "It is obvious that the necessities of decision have forced upon us the rather delicate task of interpreting a state statute to carry out what seems to us the statutory purpose in a situation not yet visualized in the home precedents." See also, Propper v. Clark, 337 U.S. 472, 486–492, 69 S.Ct. 1333, 93 L.Ed. 1480. Hence, we are faced with the crucial question of determining whether or not the United States District Court was correct in concluding that the Supreme Court of Wisconsin, if faced with this problem of statutory construction, would conclude that the wrongful death limitation in question applies only to actions arising within the state of Wisconsin.

It is quite clear that, generally, the statute of limitations of the forum is applied, the rationale being that the applicability of such a statute is a matter of procedure, precluding a remedy by the courts of the forum, but not negating the existence of a substantive right. Restatement, Conflict of Laws, § 603 (1934). In re Estate of Schultz, 252 Wis. 126, 30 N.W.2d 714; In re Will of Bate, 225 Wis. 564, 275 N.W. 450; State Bank of West Pullman v. Pease, 153 Wis. 9, 139 N.W. 767; Arp v. Allis-Chalmers Co., 130 Wis. 454, 110 N.W. 386, 8 L.R.A.,N.S., 997. However, as noted in our discussion of the Wells case, not infrequently, in the creation of a statutory right of action unknown to the common law, such as an action for wrongful death, "it is made a condition of the right that it shall expire after a certain period of limitation has elapsed." Restatement, Conflict of Laws, § 605 (1934). In addition, in order to constitute a "built-in" limitation, restricting the substantive right itself, it is not necessary that the limitation be found in the specific statutory provision creating the right, so long as it is specifically directed to the statutory cause of action.

Davis v. Mills, 194 U.S. 451, 454, 24 S.Ct. 692, 48 L.Ed. 356. Originally, the Wisconsin limitation was an integral part of the Wrongful Death Statute. It was removed to its present location in the statutory scheme by a revision in 1878. Nevertheless, there was "no intent to change the existing rule of law by the revision of 1878." Terbush v. Boyle, 217 Wis. 636, 639, 259 N.W. 859, 860; London Guarantee & Accident Co. v. Wisconsin P. S. Corp., 228 Wis. 441, 446, 279 N.W. 76. Thus it is obvious that § 330.21(3) is just such a positive limitation.

However, as a matter of statutory interpretation, it is necessary to consider whether the limitation was intended merely to restrict the right created by the Wisconsin statute, or, intended also to establish a policy concerning the time within which a death action shall be brought in Wisconsin, irrespective of the place of the wrong. Restatement, Conflict of Laws, § 397, comment b (1934); 3 Beale, The Conflict of Laws, § 605. As the District Court said, there is authority for the proposition that a wrongful death limitation such as § 330.21(3) does not apply to actions arising in other states. See Janes v. Sackman Bros. Co., supra; Maki v. George R. Cooke Co., 6 Cir., 124 F.2d 663, 146 A.L.R. 1352. However, there is also authority for the opposite view. Zellmer v. Acme Brewing Co., 9 Cir., 184 F.2d 940; Calvin v. West Coast Power Co., D.C., 44 F.Supp. 783; Cauley v. S. E. Massengill Co., D.C., 35 F.Supp. 371.

Certainly there is nothing within the language of § 330.21(3) or the decisions of the Wisconsin courts which even hints that it should be limited to causes of action arising within the state. Likewise, as we have already noted, there is no constitutional compulsion to give effect to the limitation period of the state wherein the cause of action arose. Assuming, but not deciding, that the Michigan limitation period conditions the right arising thereunder, our problem still remains, namely, does Wisconsin provide a remedy for the plaintiff. We think not. We hold, in the interest of uniformity within the forum, that the limitation period of two years provided for in § 330.21(3) applies to any wrongful death action, wherever it may have accrued.

Our conclusion is buttressed by the reasoning of the Wisconsin Supreme Court in Arp v. Allis-Chalmers Co., 130 Wis. 454, 110 N.W. 386, L.R.A.,N.S., 997. True, there a different statute of limitations was involved, namely, that applicable to injuries to the person. However, we think the language of the court is quite significant. At page 456 of 130 Wis., at page 387 of 110 N.W. it defined the Wisconsin policy thus: "In the absence of any saving clause our statutes of limitation operate against nonresident plaintiffs who bring actions in the courts of this state as well as against residents. * * * Were the rule otherwise the result would be that nonresident litigants coming into our courts to enforce a foreign cause of action would possess greater rights and privileges than citizens of our own state. They are entitled to the same rights and privileges, no more, no less."

Because of our conclusions we find it unnecessary to consider other points raised by the parties. Inasmuch as the action was barred by the Statute of Limitations of Wisconsin, the judgment for defendant is affirmed.